A. H. BOYDEN, Ex'r v. JOSEPH WILLIAMS.

*Removal of Causes—Order Conclusive—Costs.*

1. It is error for a court to which a cause has been removed for trial to send it back because the transcript of the record does not show "that it was transferred according to law." The order of removal itself is conclusive and the court should have proceeded with the case, unless it positively appeared that the order was made contrary to law.

2. The fees of the officers of such court and the pay of the witnesses attending in the case may properly be taxed in the bill of costs.

(*State* v. *Seaborn*, 4 Dev., 305; *State* v. *Barfield*, 8 Ired., 344, cited and approved.)

MOTION to retax costs, heard at Fall Term, 1880, of CA-BARRUS Superior Court, before *Seymour, J.*

Motion refused and defendant appealed.

*Mr. John S. Henderson,* for plaintiff.
*Mr. J. M. McCorkle,* for defendant.

RUFFIN, J. This was a motion of the defendant to re-form a bill of costs that had been taxed against him in the above entitled cause. The action was begun in the superior court of Rowan county, and at spring term, 1875, thereof, the presiding judge made the following order: "Ordered by the court that this cause be removed to the superior court of Iredell county for trial." A transcript of the record was forwarded and the cause entered on the docket of the court in Iredell; but at fall term, 1875, thereof, the judge holding that court made the following order: "Ordered that the cause be removed to Rowan county for trial; it appearing from the record that it has not been transferred here accord-ing to law." The cause was then returned to Rowan supe-rior court and thence was removed to Cabarrus superior court where it was tried and the plaintiff had a judgment

for relief and costs. The motion was to strike from the bill of costs all the items taxed in the court in Iredell, including the witnesses of both parties and the officers' fees. His Honor below overruled the defendant's motion and he appealed to this court.

The object of the defendant is to rid himself of the costs incurred while the cause was in Iredell, between the times of its transmission from and its return to the court of Rowan, upon the allegation that the jurisdiction of the court in Iredell never attached to it and that it was never effectually removed at all from Rowan.

As no transcript of the record in the cause accompanies the defendant's case, we are left entirely in the dark as to the grounds upon which the two courts proceeded—that of Rowan in undertaking to remove the action, and that of Iredell in refusing to take cognizance of it after it had been entered on its docket—except as to what may be gathered from the very general declaration contained in the order of the latter court, to the effect that the cause did not appear to have " been transferred according to law." The action of the courts seems to have been inconsistent and their orders to clash; but without knowing more of the history of the case than we do or can learn from the statement before us, it is impossible for us to determine certainly by which the error, if any, was committed. And since we are bound to assume that the order appealed from is correct until shown to be erroneous, we feel ourselves obliged to decide against the defendant's appeal. Nor do we see how we can avoid coming to a like conclusion even if we should consider the facts as supplied by the argument of counsel, and take for granted that the court in Iredell refused to entertain the action because transcript from Rowan did not show affirmatively that the order of removal was based upon such an affidavit of a party as justified its being made. To us it seems that the course pursued by the court in Iredell was

the very reverse of what it should have been ; and that instead of rejecting the case, because it " did not appear to have been transferred according to law," it should have entertained and proceeded with it, because it did not positively appear that the order for its removal had been made contrary to law. It was a mistake to have supposed at all that the transcript should disclose the reasons why the removal was asked for or ordered, and still more that their sufficiency could be made the subject of inquiry in the court to which the cause was sent. These were all matters concluded by the order itself, and that they should be so concluded must be apparent to every one after slight reflection upon the inconvenience which might result from holding them to be otherwise.

Suppose the court in Rowan had declined to take back the action when the court in Iredell ordered it to be restored to it, we should then have had the singular spectacle of a cause suspended between two courts—both disclaiming it and refusing to take a single step towards its trial—and all the while the parties helpless, for until one or the other of the courts should take some action no appeal could be framed. Commenting upon the possibility of such an inconvenient state of things, in the case of *State* v. *Seaborn,* 4 Dev., 305, this court declared that it was indispensable that there should be some method for a court to which a cause is removed, to determine whether it has the power and is bound to try it, and that the only way to accomplish this with certainty, was to treat the order of removal as entered of record as conclusive, and the case of *Rex* v. *Harris,* 1 Bla. Rep., 375, is cited to show that such was the construction given by the courts in England to a statute similar to our own providing for the removal of causes in certain contingencies. And since *Seaborn's* case, as was said in the case of the *State* v. *Barfield,* 8 Ired., 344, it has been considered as settled that the assignment of the grounds for the removal

need not appear in the record but only the order of the court. We can see nothing in the case then to cause us to doubt that the cause was effectually removed to the court of Iredell county, and are at a loss to know why that court refused to entertain it.

The costs incurred in that court were properly taxed in the costs of the case, and the defendant's motion to strike them from the bill was rightfully overruled.

No error. Affirmed.