WALTER M. OAKLEY v. MALISSA ANDERSON et. al.

### Processioning—Arbitrators—Award—Costs.

Where a processioner and five freeholders were proceeding to establish disputed lines, under sec. 1928 of The Code, when the parties agreed that the freeholders be constituted arbitrators to settle the dispute in all things, their award to be final, and entered as the judgment of the Court, and *three* of the freeholders signed and filed a paper dividing the disputed lands, and the costs between the parties; *It was held*, 1. This action could not be upheld as a report of freeholders under the Processioning Act, as it did not appear that the freeholders were sworn, and did not contain the boundaries of the lands, the names of the claimants, and was wanting in other essential requirements under the statute. 2. It could not be enforced as an award, only three of the arbitrators having concurred in it. 3. Where a reference is made to several persons, the agreement of all is necessary to an award, unless it is expressly agreed that a less may make it. 4. Arbitrators have an implied authority to determine the question of the costs of cause submitted to them.

(*Norfleet* v. *Southall*, 3 Mur., 189; *Mackey* v. *Neill*, 8 Jones, 214.

This action was heard upon exceptions by *Gilmer, Judge,* at August Term, 1885, of PERSON Superior Court.

The facts are fully stated in the opinion.

*Messrs. Graham & Ruffin,* for the plaintiff.
No counsel for the defendants.

ASHE, J.   The action was commenced under the "Processioners' Act."   The Code, Vol. 1, ch. 48.

The processioner went upon the lands on the 16th day of July, 1885, and being forbidden by the defendant Anderson to proceed farther, made his report to the clerk. A jury was then summoned by the sheriff, under a proper order, consisting of five freeholders, viz: B. A. Thaxton, C. C. Cozart, C. C. Townsend, R. A. Stanford and A. S. Moore, all of whom met upon the lands in dispute, with C. A. Whitfield as surveyor, on the 6th of August, 1885, when the parties entered into the following contract, viz: It is agreed by the parties to this action that the jury be constituted arbitrators, and, as such, they settle the dispute in all things, and their award to be final and a judgment of the Court in the cause, this August 6th, 1885, upon a penalty of five hundred dollars for failure on the part of either one who may refuse to abide thereby.

On the same day the following paper writing was filed as the award:

We find as our award in this cause, that the lands between the disputed lines be divided into equal parts, giving plaintiff one-half thereof and defendant one-half thereof, by a line running half way between the two disputed lines, south $88\frac{1}{2}°$ east, to the creek; and that plaintiff pay one-half the costs and the defendant the other half the costs, to be taxed by the clerk.

(Signed)                          B. A. THAXTON,
                                  R. A. STANFORD,
                                  C. C. COZART.

To which award the appellant filed exceptions, and insisted:

1st. That said submission was not made under a proper order of the Court, and therefore no judgment can be entered thereon.

2nd. That said submission was made to five persons and that only three of said persons have signed the award, and for that reason no judgment can be entered upon said award.

The clerk overruled the exceptions and confirmed the report of the jury as arbitrators, from which ruling of the clerk the

defendants appealed to the Judge of the Superior Court, who, at the August Term of the Superior Court for the county of Person affirmed the judgment of the clerk, and from that judgment the defendants appealed to this Court.

The plaintiff contends that the report of the three free-holders was a compliance with sec. 1928 of The Code, and their report was made by them as freeholders appointed to procession the land in controversy under that section.

The defendants on the other hand insist that it was not a report of free-holders under that section, but a submission by agreement of the parties to the five persons named as arbitrators, and the report was the award made by them under the submission, and this difference, in their contentions, present the first question for our consideration.

We are of opinion that it cannot be upheld as a report of free-holders under the processioning law, for the one reason, if no other, that they were not sworn. But besides, the law, sec. 1927, requires that the report shall contain the claimant's name, the quantity of acres, the courses, length and course of each line, which shall be accompanied by a plat. The return of the free-holders to this Court was wanting in all these requirements. It does not pretend to give the boundaries of the land of the petitioner, and that was the very object of the law, but only to establish a line between the lands of the disputants, and give each the land on his side up to that line, and then it undertakes to decide how the costs should be paid, which was no part of the duty of the free-holders in the processioning act.

But the report does contain many of the characteristics of an award of arbitrators. In the first place, where the five persons summoned by the sheriff met on the land on the 6th of August, 1885, before they were sworn to act as free-holders, for the record does not show that they were ever sworn, the parties entered into a contract by which it was agreed "that the jury" (that is the five persons summoned as free-holders) "be *constituted* arbitrators, and as such, they settle the dispute in all things, and their

*award* to be final, and a judgment of the Court in the cause, upon a penalty of five hundred dollars for the failure of either one who may refuse to abide thereby."

It is expressly agreed that the five persons named, without any oath being administered to them, should be constituted arbitrators, and they are not only to establish disputed lines, but *settle the dispute in all things.* That is within the power of arbitrators, but never of *free-holders,* under the law of procession. And then the report of these doings is called an *award,* it was agreed that it shall be judgment of the Court, the parties evidently supposing that such an award might be made a rule of court. And then a penalty is fixed, which is to be incurred by the party who should fail to abide by the award. This is often resorted to in submissions to arbitration to secure a compliance with their awards, but such a thing is unheard of in the report of free-holders under the procession law. And lastly, the three persons who undertook to act as the arbitrators, in their award, adjusted the costs between the parties. Arbitrators have an implied authority to adjudicate concerning the costs of the cause—Morse on Arbitration and Award, 623; Watson on Arbitration and Award, 98. But the free-holders have nothing to do with the question of costs, and the very fact that they should have awarded the payment of the costs, shows that they believed they were acting as arbitrators under the submission of the parties, and not as free-holders, acting with the processioner. They themselves called it their *award.* They say, "we find as our award in this cause," &c. Our opinion is the free-holders acted as arbitrators, and the paper writing filed by them with the clerk, was their *award.*

This brings us to another question : as an award of arbitrators, was it such, as a judgment of the Court might be rendered thereon ? We think it was not, for the reasons set out in the two exceptions taken by the defendants. If the second exception should be sustained, it renders it unnecessary to consider the first, for if the award was void, of course no judgment could be rendered thereon.

The submission in this case was to five persons as arbitrators, and only three concurred in making the award. In *Norfleet* v. *Southall*, 3 Mur., 189, it was held that when a reference is made to several persons the concurrence of all is necessary unless it is expressly agreed that a less number make the award; and to the same effect is *Mackey* v. *Neill*, 8 Jones, 214. And these decisions are by no means affected by the provisions of Sub-Div. 2, §3768 of The Code, for that section has reference only to the construction of statutes and has no application to the private agreements of parties, such as the submissions to arbitrators and the like.

Our opinion is, there is error, and that both the exceptions taken by the defendants should here be sustained. The judgment of the Superior Court is therefore overruled.

Let this be certified to the Superior Court of Person county, to the end that the case may be proceeded with according to law.

Error.                                                   Reversed.