EMMA J. EMERY et al. v. G. V. HARDEE.

*Removal of action.*

1. When there is an order for the removal of an action which is sufficient on its face, it will be conclusively presumed that the Court making the order, had before it in a legal way, facts sufficient to warrant the order.
2. The Court to which the action is removed, can consider only the sufficiency of the order, and not of the facts on which it is based.

EMERY *v*. HARDEE.

3· When it is stated in the order, that the motion is heard "*as on affidavit*," the implication is, nothing else appearing, that all the parties consented to accept the facts as if stated under oath.

4. It is within the power of counsel to consent that the Court might hear and con sider the facts as if stated in an affidavit.

5. The leading purpose of The Code, §§196–197, is to secure a fair and impartial trial; the affidavit is required to make the facts appear to the Court. But if they are admitted, or agreed on by the parties, this is sufficient, and it is not necessary that they should appear in the record or order of removal.

(*State* v. *Seaborn*, 4 Dev., 305 ; *State* v. *Barfield*, 8 Ired., 344 ; *Boyden* v. *Williams*, 84 N. C., 608; *Lutz* v. *Cline*, 89 N. C., 186 ; *Jones* v. *Call*, *Ibid.*, 188 ; *Arrington* v. *Arrington*, 91 N. C., 301 ; *Turner* v. *Davidson*, 90 N. C., 2 ; *Grant* v. *Reese*, *Ibid.*, 3 ; *Hicks* v. *Gooch*, 93 N. C., 112 ; *Welsh* v. *Kinsland*, *Ibid.*, 281, cited and approved).

CIVIL ACTION, heard on motion before *Avery, Judge*, at Spring Term, 1884, of the Superior Court of NORTHAMPTON county.

This action was brought to the Spring Term, 1881, of the Superior Court of Halifax county. At the Fall Term thereof of the same year, the Court made an order removing the action to the Superior Court of Northampton county for trial, whereof the following is a copy:

"This cause coming on to be heard, on motion and as on affidavit of plaintiffs, it is ordered that it be removed to Northampton county for trial."

This order is subscribed by the Judge granting it, on the right hand side, and by the counsel for the plaintiffs and for the defendant, on the left hand side thereof.

Afterwards, at the Spring Term, 1884, of the latter Court, "the defendant moved to remand this case for trial to the Superior Court of Halifax county, upon the following grounds:

I. That the defendant had never assented to the removal to the county of Northampton.

II. That the order of removal was made by the Judge without hearing affidavits or other evidence as required in §§196 and 197 of The Code of Civil Procedure." Acts of 1879, ch. 45."

The Court denied the motion, and the defendant having excepted, appealed to this Court.

*Messrs. John A. Moore* and *R. B. Peebles,* for the plaintiffs.
*Messrs. T. N. Hill* and *W. C. Bowen,* for the defendant.

MERRIMON, J., (after stating the facts).   It is very clear, that
if the order of the Court directing the removal of the action had
omitted the words "as on affidavit," it would have been sufficient.
In that case, the conclusive presumption would have been, that
the Court had before it, and considered, facts duly appearing, that
warranted the order.   The Court to which the action is removed,
ought only to see that there is an order of removal, sufficient on
its face.   This is sufficient to give it jurisdiction—indeed, it gives
the jurisdiction.   It is not the province of the latter Court to
consider and determine the sufficiency of the facts upon which
the order is founded—that is the province of the Court making
it.   If this were not so, the Court to which the action is removed,
might always review, and in its discretion, reverse the action of
the Court making the order, and thus put and keep in question
in what Court the action is really pending.   The law does not
tolerate, much less authorize, such unseemingly practical absurdity.
*State* v. *Seaborn,* 4 Dev., 305; *State* v. *Barfield,* 8 Ired., 344;
*Boyden* v. *Williams,* 84 N. C., 608.

But it is insisted, that it appears upon the face of the order of
removal in this case, that it was not founded upon proper facts
appearing *by affidavit,* and therefore it is null and void.

The fair inference from the order, as it appears in the record,
is, that the parties plaintiffs and defendant, agreed upon the facts,
to be taken as if they had been embodied in an affidavit, upon
which the motion to remove the action was based, and that the
Court should determine their sufficiency to entitle the plaintiffs
to the order.   The latter recites that, "This cause coming on to
be heard, on motion, and as on affidavit of plaintiffs," &c.   Ob-
viously, according to the course of practice, familiar to every intel-
ligent practicing lawyer, this means that the cause came on in
order for the hearing of the motion, and the facts stated to sup-
port it, not appearing by affidavit, but taken as if so appearing.

It is the common practice to do this in plain cases, when the facts are not disputed, with a view to convenience and to save time. And when the Court declares that the case is heard " as on affidavit," the implication is, nothing to the contrary appearing, that all the parties consented to accept the facts as if stated under oath. This is so, generally. In this case, that implication is strengthened by the fact, that the counsel for the plaintiffs and defendant subscribed their names immediately under the order, at the left side of it, thus signifying directly their actual knowledge of and assent to the manner of hearing the motion, if not to the order itself.

It is true, the defendant swears that he did not authorize his counsel to assent to the removal. It does not appear that his counsel did so assent; he only consented that the Court might hear and consider the facts as if they were embodied in an affidavit, and it was within the scope of his authority as counsel to so consent. Counsel are not required to have special instructions from their clients as to the conduct of the action by them, after they are retained. It would be practically impossible for them to do so. The law contemplates that they shall be capable and honest men, and they are presumed to be so, nothing to the contrary appearing, and the nature of their duties in conducting actions before courts, requires that they shall be entrusted with important powers. Necessarily, they must be treated as representing and acting by and under the instructions of their clients.

The complaint of the defendant of one of his counsel, seems to be ungracious, to say the least, and, indeed, an after-thought, because, after the removal of the action, he ratified what had been done, by allowing the action to remain and proceed in the court to which it was removed, for several years before making any complaint, having in the meantime had subpœnas issued by the clerk for witnesses, offered an affidavit for a continuance of the action at one term, and consented to set it for trial at a term and on a day designated at another.

It is only essential, that facts sufficient shall exist and appear to the Court to justify the removal of an action in a case like the present one. If they are admitted or if the parties agree upon them as if stated in an affidavit, this is sufficient, because it is the sufficiency of the facts appearing, that entitles the party applying to the order of removal.

The statute, (The Code, §§196, 197,) authorizes the removal of civil and criminal actions in the Superior and Criminal Courts to adjacent counties for trial, when facts sufficient for such purpose appear by *affidavit*. But this statute must receive a reasonable interpretation, in the light of its purpose as well as of its terms. The leading purpose is, that there shall be a fair and impartial trial. The parties to the action are the parties in interest and to be affected. The statute, as to the affidavit required, refers to cases where the facts are not admitted by the opposing party, or are not agreed upon by the parties to the action. The essential purpose of the affidavit required, is to make the facts appear in a way designated by law, notwithstanding the contention and opposition of the opposing party. If, however, the latter party admits them—agrees that they do exist, then wherefore an affidavit also? Can it, in the nature of the matter, impart to them an essential legal quality they could not have, if admitted by the party interested to deny them. We do not think so. An admission of the facts is sufficient, and it is not necessary that they should be recited in the record or order of removal.

It is said the affidavit gives the jurisdiction to the Court to which the action is removed. This is a misapprehension of the law applicable. It is the order of removal that gives the jurisdiction to that court, and as we have seen, that order appearing upon its face to be sufficient, is conclusive. Any contest as to the facts upon which the order is based, must be had in the court where it is made.

We are therefore of opinion, that the Court properly refused to grant the order prayed for by the defendant.

Speaking for myself and not for the Court, I am of opinion that this appeal ought to be dismissed, upon the ground that it does not lie at the present stage of the action.

It is obvious that the order appealed from, is not final in its nature and effect —it is only interlocutory, and it does not have the effect to destroy or seriously impair a substantial right of the defendant, if the ground of error assigned shall not be reviewed at once and before final judgment. He can have the benefit of his exception specified in the record, upon appeal from the final judgment, as well as at the present stage of the action. He may be able to defend the action successfully in the Court where it is now. If so, he will be content; if otherwise, and his exception be well founded, he can have the error corrected after final judgment, when an appeal would bring up all errors assigned by the appellant in the course of the action for correction. This is the settled rule in criminal actions, and I can see no good reason why it should not prevail as well in civil actions.

It has often been decided that an appeal does not lie from an interlocutory order or judgment, except in cases where a substantial right of the appellant might be lost or seriously impaired, if the appeal shall be delayed until final judgment. I am wholly unable to see why this wholesome and necessary rule shall not apply to such orders and judgments entered at any stage of the action. Of course, appeals lie from all judgments and orders that put an end to the action, no matter when made. *Lutz* v. *Cline*, 89 N. C., 186; *Jones* v. *Call, Ibid.*, 188; *Arrington* v. *Arrington*, 91 N. C., 301; *Torrence* v. *Davidson*, 90 N. C., 2; *Grant* v. *Reese, Ibid.*, 3; *Hicks* v. *Gooch*, 93 N. C., 111; *Welsh* v. *Kinsland, Ibid.*, 281.

There is no error. To the end that further proceedings may be had in the action according to law, let this opinion be certified to the Superior Court. *It is so ordered.*

No error. Affirmed.