## KINGMAN & CO.

### v.

## HENRY J. DECKER.

| 43 | 363 |
| 106 | 578 |

*Sales—Warranty—Breach—Principal and Surety—Jurisdiction.*

1. A plea in abatement to the jurisdiction of the court by a defendant in a given case, made after full appearance by him, is unavailing.

2. No action can be maintained by a surety on a warranty to his principal.

3. In an action brought to recover for an alleged breach of warranty of certain harvesters, this court holds, in view of the evidence, that the judgment for the plaintiff can not stand.

[Opinion filed June 21, 1892.]

APPEAL from the Circuit Court of St. Clair County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

Messrs. TURNER & HOLDER, for appellant.

A defendant must be sued in the county where he resides or may be found, except in local actions or where there is more than one defendant, when the suit may be brought in any county where one resides. Sec. 2, Practice Act.

An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent, or any agent of said company found in the county. Sec. 5 of Practice Act.

A mere traveling salesman is not such an agent as is contemplated in the statute.

An agent is one who undertakes to transact some business or to manage some affair for another, by the authority and on account of the latter, and to render an account of it. A factor, broker or attorney is an agent, yet it would not be

contended for a moment that service on either a factor, broker or attorney would be a good service under the statute.

Service of process upon an agent appointed by a corporation, whose business is simply to make sales, will not give the court jurisdiction of the corporation, such person not being an agent of the corporation in the sense of the statute. The Union Pac. R. Co. v. Miller, 87 Ill. 45; Mid. Pac. R. Co. v. McDermid, 91 Id. 170.

The court erred in sustaining demurrer to plea in abatement.

The right to an action upon a breach of warranty is personal to the buyer. Therefore, one who is surety for the price can not maintain an action on the warranty to the buyer. Benj. on Sales, 1156 and note; Marsh v. Low, 55 Ind. 271; Barbour on Parties, 40.

Messrs. JAMES M. HAY and CHARLES P. KNISPEL, for appellee.

1. The authorities cited by appellant for the purpose of showing want of proper service do not apply; these were cases of foreign corporations not doing business in this State, nor having property in the State, nor an agent residing in the State. In this case the service was pursuant to the statute. But for another reason the demurrer to the plea was properly sustained. A general appearance was entered by defendants on May 21, 1888, by filing a motion for a list of particulars. The plea in abatement was not filed until nearly a year afterward, viz., May 4, 1889. By an ingenious arrangement appellant's counsel changed the appearance on the face of record. The papers copied into the record show conclusively the true facts, both in the captions and the file marks of the respective papers, viz.: Motion, May term, 1888; plea, May term, 1889.

After a defendant interposes a motion or enters a general appearance, he can not plead in abatement or to the jurisdiction. Holloway v. Freeman, 22 Ill. 197; Easton v. Altum, 1 Scam. 250; Cook v. Yarwood, 41 Ill. 115; Vanderbilt v. Johnson, 3 Scam. 48; Ellis v. Sisson, 96 Ill. 105.

2. The letters were properly introduced in evidence. They

were the basis of the new agreement made between the parties hereto, and if not shown us or delivered to us, how could we have acted upon the propositions of appellant? .

The doctrine of privileged communications does not extend to and excuse an attorney from testifying in regard to an agreement for settlement made by him with the opposite party, at the request of his client. Thayer v. McEwen, 4 Ill. App. 416.

3. The admission of Knispel's evidence can not be assigned for error. The court may, in its discretion, at any time before argument, permit either party to introduce evidence in chief, nor can error be assigned on the admission of such evidence. C. F. R. & B. Co. v. Jameson, 48 Ill. 281; Wilborn v. Odell, 29 Ill. 456; Mauzy v. Kinzel, 19 Ill. App. 571.

4. It is a general and well established rule that an action for damages lies in every case of a breach of promise made by one man to another for a good and valuable consideration. Benj. on Sales, 2d Ed., Sec. 897.

The case was tried under the stipulation, etc., that the plaintiff may introduce in evidence under his declaration any evidence that might be introduced if properly averred. Appellant left out of the abstract the important words "that might be introduced." Under this stipulation we certainly proved clearly a distinct and separate contract with Henry J. Decker, for a good and valuable consideration, paid by Henry J. Decker, a substitution as we may say, of Henry J. for Jacob, payment by Henry J. Decker of the consideration, and breach of contract by Kingman & Co.

Green, P. J. Appellee brought this suit against appellant to recover damages for an alleged breach of warranty of two Empire harvesters. The declaration as finally amended consisted of three special counts, and the consolidated common counts. The first count charged a breach of warranty to Jacob Decker, as purchaser and maker of the note, for the price of said machine, which note, it is averred, plaintiff guaranteed. The second count charged a breach of warranty to Henry Decker, made in consideration of his guaranty.

And the third special count avers that plaintiff bought the machines, and the defendant promised the same should be good machines, and would each cut from ten to twelve acres of wheat a day, when properly managed, and aver they were delivered to plaintiff and were not good machines, and would not cut from ten to twelve acres of wheat a day, but were bad and unmerchantable, whereby plaintiff lost the benefit of selling the same, and expended large sums in storing the same, and other damages sustained. A plea of general issue was interposed, and a stipulation thereunder as to the admission of evidence. The cause was tried by the court, and a finding and judgment for plaintiff resulted for $693.30 damages and costs of suit. To reverse the judgment this appeal was taken by defendant. On the 21st day of May, 1888, defendant appeared by its attorney and entered a motion for a rule on plaintiff to file a bill of particulars, and after thus submitting itself to the jurisdiction of the court, on the 4th day of May, 1899, defendant filed a plea in abatement to the jurisdiction, averring defendant was a non-resident of St. Clair County, and the person upon whom the writ was served, as agent of defendant, was also a non-resident; was not located at any point in said county as agent, but was a traveling salesman, etc. This plea was properly stricken from the files; it was not interposed in apt time, but after a full appearance by defendant. Hence there was no error in this ruling of the court. Plaintiff could not recover at law for the breach of warranty set up in the first count of the declaration as therein averred; it was a warranty to Jacob Decker for a breach of which he, and not his surety, could maintain an action. Nor was there any evidence tending to support plaintiff's right to recover under either the third or fourth counts. Hence, the only question for us to determine, is whether plaintiff was entitled to recover said judgment under the second count of the declaration. It appears that Jacob Decker, under a contract with defendant, purchased the two machines and other goods, which were delivered to him, and on March 2, 1883, his indebtedness to plaintiff was $1,432.93, in addition to the purchase price of said two machines. For all this debt

the plaintiff was then liable to Kingman & Co., as a guarantor of Jacob, and the claim was placed in the hands of attorneys for collection.

The two machines were then in the possession of Jacob Decker. Negotiations for an amicable settlement were entered upon between the attorneys of Henry Decker and the attorney of Kingman & Co., resulting in the acceptance of a written proposition for settlement, addressed to Jacob Decker, made by Kingman & Co. on March 19, 1883, which in substance provided if the past due indebtedness of Jacob Decker should be paid, Kingman & Co. would extend the provisions of the warranty as entered into with him for the season of 1882, upon the two Empire harvesters, to cover the season of 1883, and that when notified, as called for by the warranty, to render assistance in making the machines fill the warranty, and in case Kingman & Co. failed to make them fill the warranty, Jacob Decker rendering friendly assistance, agreed to take them back and credit $232.50 each. On March 24, 1883, Henry Decker paid the past due indebtedness of $1,432.93 and guaranteed Jacob's note to appellant, dated August 31, 1882, for $430, due October 1, 1888, and gave appellant his individual note for $35, due August 1, 1883, which last note he paid. The note for $430 was assigned before maturity to one Morris, who sued thereon and recovered a judgment, which appellee paid. At the time the proposition was accepted, and the settlement made, Jacob Decker had forfeited the warranty on the two Empire harvesters, and he and appellee, as his surety, were then liable to appellant for the price thereof; no compromise was required to fix that liability, and there existed no inducement for changing the terms of the warranty already agreed upon to the disadvantage of appellant. This fact and the very terms of the accepted proposition, negative the idea that a warranty other or different from that provided for in the contract and printed instructions was intended to be extended. If it be held then, as contended for by appellee, that the evidence shows he was to have the benefit of the extension of warranty as provided for in the proposition addressed to Jacob Decker, then the terms of the original contract, dated November 14, 1881, the

printed instructions made a part thereof, and the printed warranty, must be referred to for the purpose of determining what the warranty was, and upon what conditions and under what restrictions Jacob would have been entitled to the benefit of it. The evident meaning and purpose of the contract was, that machines sold and delivered by Kingman & Co. to Jacob were to be sold in the course of trade by him. He became a purchaser, and at the same time, in consideration of the discount on the price and privilege of selling, accepted an agency and agreed to sell the machines of appellant within the limits of a defined territory and not elsewhere. This is shown by the contract itself and by the written guaranty executed by appellee, which commences as follows:

" In consideration that Kingman & Co., of Peoria, Illinois, do or shall appoint Jacob Decker their agent at Mascoutah, to sell their goods or to sell goods shipped or sent to him at Mascoutah and that they do agree to sell, send or deliver to him goods from time to time as they, the said Kingman & Co., may desire." The provisions relating to and governing the warranty are clauses seven and eight of the contract and clause four of the printed instructions. " Clause seven" provides that Jacob Decker agrees to see that all machines are settled for when delivered, and that all machines are properly set up and operated as per directions when started to work, and to be governed by the instructions on the back of the contract which are made a part of the sale. By "clause eight" it is agreed if Jacob Decker shall fail to take a written order or shall deliver any machine or part of a machine to any customer or other person before it is fully settled for, said Decker shall account to Kingman & Co. on demand for the full price of such machine and shall waive all claims under warranty on any machine so delivered. " Clause four" of said instructions is as follows: "You will please take a written order for each machine you sell, and give the purchaser a printed warranty which shall be sufficient guarantee that the machine will work as represented by us. But if you fail to take a written order and give the purchaser our printed warranty showing just what the machine is warranted to do, you thereby forfeit our warranty to you. All machines

must be settled for by cash or note when delivered to purchaser. This is the printed warranty. " Warranty. All machines are warranted to be well built, of good material and capable of cutting, if properly managed, from ten to fifteen acres per day. If, on starting a machine, it should in any way prove defective and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it and allow time for a person to be sent to put it in order. If it can not then be made to do good work the defective part will be replaced or a perfect machine will be furnished in its stead; then if it does not work well and the fault is in the machine, it may be returned to place where received and the payment of money and notes returned. Keeping the machine during harvest, whether kept in use or not, without giving notice as above, shall be deemed conclusive evidence that the machine fills the warranty." It appears to us that by a fair construction of the original contract and documents connected therewith and part thereof, it was intended and agreed by the parties thereto that a sale by Decker of a machine upon the written order of the purchaser and delivery to the latter of the printed warranty, an actual test of the machine after notice as provided in the warranty and a failure of the machine to work well must be shown before a breach of warranty could be claimed to have occurred. If Henry Decker has succeeded to the rights of Jacob as to the warranty by reason of his acceptance of said proposition and payment of the debts, the same conditions precedent must be shown; and as it appears no sale, as required, of either of the machines, was made after the time it is claimed they became appellee's property by such acceptance and payment, nor any notice given and test made as required by the warranty, appellee was not entitled to recover. The judgment is reversed and the cause remanded.

*Reversed and remanded.*