# W. F. Dean, Defendant in Error, v. Jesse E. Smith, Plaintiff in Error.

## Gen. No. 14,338.

1. MUNICIPAL COURT—*what waives question of jurisdiction.* A defendant by filing a general appearance, demanding a trial by jury and by participating in the trial, waives the question of the jurisdiction of the court over his person.

2. MUNICIPAL COURT—*when has jurisdiction over person of defendant.* The Municipal Court has jurisdiction over the person of the defendant in suits where the defendant "resides or is found within the city of Chicago."

Assumpsit. Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed January 26, 1909.

WALTER A. LANTZ, for plaintiff in error.

CALHOUN, LYFORD & SHEEAN, for defendant in error; EDWARD W. RAWLINS, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment of the Municipal Court of Chicago against the plaintiff in error in an action in assumpsit (fourth class) brought in the First District of that court by W. F. Dean, defendant in error, against Jesse E. Smith, plaintiff in error, upon six promissory notes made by said Smith payable to said Dean. Both parties to the action were, at the time of the institution of the suit, residents of the village of La Grange, Cook county, Illinois, where the notes were made. The place of business of said Smith was in the Marquette Building in the city of Chicago, located within the First District of the Municipal Court.

After summons had been served on Smith, the record shows, he filed a written appearance in the Municipal

Court, and demanded a trial by jury. When the case was reached for trial, Smith and his attorney appeared in court and his attorney examined the jurors and cross-examined Dean. The plaintiff Dean introduced in evidence the six promissory notes sued on, aggregating in amount $75 and proof that no part of them had been paid, and rested his case. The defendant Smith then took the witness stand and after answering a few preliminary questions as to his name, residence and business, his attorney objected to the jurisdiction of the court, and moved the court to dismiss the case. The court ruled that under Section 51 of the Municipal Court Act and under Rule 12 of the rules of the court, the question should have been raised by the defendant upon the return day of the summons or as soon thereafter as the court could hear the motion and that the motion should have been presented on affidavit; and that the motion was made too late, and overruled the objection and denied the motion, and ordered the trial to proceed. Thereupon defendant's attorney said, "That is all." The court then instructed the jury to render a verdict for the plaintiff for $75. The jury returned its verdict as directed. The court denied a motion for a new trial, and a motion in arrest of judgment and entered judgment on the verdict.

The errors assigned and insisted upon in argument are, first, that the trial court was without jurisdiction to hear the case, and second, that the court erred in giving the peremptory instruction for the plaintiff.

In our opinion the defendant by filing a general appearance, demanding a trial by jury, and by participating in the trial, waived the question of the jurisdiction of the court over his person. Kingman & Co. v. Decker, 43 Ill. App. 303; Mitchell v. Jacobs et al., 17 Ill. 234; Filkins v. Byrne, 72 id. 101; Village of Dalton City v. Loving, 87 Ill. App. 520.

We are of the opinion, furthermore, that Sections 28 and 29 of the amended Municipal Court Act, pages 241 and 242 Laws of Illinois, 1907, confer jurisdiction on the

Municipal Court over the person of the defendant in suits where the defendant "resides or is found within the city of Chicago."

The denial of the motion to dismiss the suit was not erroneous.

It was not error for the court to instruct the jury to find the issues for the plaintiff, and assess the damages at $75 upon the evidence before the court and jury.

The judgment is affirmed.

*Affirmed.*