## *Ex parte* ANNANIAS COPELAND.

No. A-1138. Opinion Filed May 16, 1911.

(115 Pac. 627.)

**COURTS—Jurisdiction—Transfer of Causes—"Cause."** A judge of a district court of a county in which a superior court is created by law has the power to transfer to such superior court any cause, either civil or criminal, pending in said district court, and, when said cause or causes may be so transferred to such superior court, they will stand for trial in said court as if they had been originally filed therein.

(Syllabus by the Court.)

Petition of Annanias Copeland for a writ of *habeas corpus.* Writ discharged, and petitioner remanded to custody.

*E. J. Saddler,* for petitioner.

*John Adams,* County Atty., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, Presiding Judge. This is a petition for a writ of *habeas corpus* in which it is alleged that petitioner is unlawfully restrained of his liberty, and is confined in the county jail of Logan county, Okla., by B. W. Murphy, sheriff of said county, under and by virtue of a commitment issued out of the superior court of said Logan county, based upon a sentence pronounced in said court against petitioner for the offense of grand larceny, in which sentence the punishment of petitioner was assessed at imprisonment in the state penitentiary for the period of three years after the date of his delivery to the warden of said penitentiary. Petitioner alleges that said sentence was illegal and the commitment by virtue of which petitioner is held is also illegal, because

the said superior court of Logan county, Okla., had never legally acquired jurisdiction of appellant and of the offense for which this petitioner was convicted, and upon which conviction the aforesaid sentence was pronounced upon the following grounds: That petitioner was tried in the district court of Logan county, Okla., on the 27th day of February, 1911, and the jury failed to agree; that on the 9th day of April, 1911, the county attorney filed a motion to transfer said cause from the district court of Logan county, Okla., to the superior court of said county for trial, over the objections of petitioner, and that by virtue of said order said cause was transferred to said superior court, and, after being so transferred, petitioner was tried in said superior court with the result above mentioned.

These allegations present only one question of law which can be determined in *habeas corpus* proceedings: That is, did the district court of Logan county, Okla., have power to transfer this cause to the superior court of said county, and did the superior court thereby acquire jurisdiction of said cause? This question must be answered by the statute. Section 1974 of Snyder's Comp. Laws Okla. 1909, is as follows:

"The county attorney and sheriff of every county wherein such a court shall be established, shall appear in said court, and therein perform all services for the state and county. The judge of the district court of the county or counties in which said superior court is created by operation of this act, shall upon motion of the plaintiff in any cause now pending in said district court, or which may hereafter be filed in such district court, transfer such cause or causes by order to the superior court of such county or counties, and such cause or causes shall stand for trial in said superior court as if they had been originally filed therein, and in such cases the clerk of the district court shall transfer the original files to the superior court hereby created."

Counsel for petitioner contends that the transfer of causes provided for in this statute is confined alone to civil cases. To this contention we cannot agree. This question has been repeatedly passed upon by the federal and state courts adversely to the position contended for by petitioner. "Cause" is defined to be in

practice any suit or action or any question, civil or criminal, contested before a court or justice. *Taylor v. United States* (C. C.) 45 Fed. 531, 539; *Erwin v. United States* (D. C.) 37 Fed. 470, 479, 2 L. R. A. 229; *In re Farnum,* 51 N. H. 376, 383; *Nacoochee Hydraulic Min. Co. v. Davis,* 40 Ga. 309, 320.

The action of the district court of Logan county in transferring this cause to the superior court of Logan county is approved and sustained, as being authorized by the law.

The writ of *habeas corpus* is discharged, and petitioner is remanded to the custody of the sheriff of Logan county to be dealt with as directed by the judgment of the superior court of Logan county, Okla.

ARMSTRONG and DOYLE, JUDGES, concur.