STATE *ex rel.* NICHOLS *et al.* v. JOHNSON,
*County Judge.*

No. 5848.   Opinion Filed November 2, 1915.

Rehearing Denied July 25, 1916.

(158 Pac. 1129.)

CONTEMPT—Disobedience of Court Order—Action by County Judge.
On the facts stated in the opinion, held that respondent is not in contempt of the previous order of this court herein and the rule to show cause is discharged, and the application therefor dismissed at the cost of relators.

(Syllabus by the Court.)

Original action by the State, on the relation of Charles H. Nichols and others, for mandamus to Hal Johnson, County Judge. Heard on application for rule to show cause. Application dismissed.

*H. H. Smith, W. T. Williams, W. N. Maben, Baldwin & Carlton,* and *Chas. W. Friend,* for relators.

*Mark Goode,* for respondent.

HARDY, J. On March 17, 1914, this court delivered an opinion in this case, holding that the respondent, Hal Johnson, as judge of the county court of Pottawatomie county, was disqualified to preside in the county court of Pottawatomie county, in that part of the proceedings therein pending seeking to probate the alleged will of Enos Nichols, deceased; and the relators now present an application for rule to said respondent to show cause why he should not be adjudged in contempt of this court for alleged violation of said order, to which answer has been duly made by respondent. 40 Okla. 511, 139 Pac. 699. It appears that on November 21, 1913, judgment was rendered in the county court of Pottawatomie county, adjudging that Enos Nichols died intestate, and determining the heirs to his said estate, and on July 14, 1914, an order was made and entered, decreeing a partial distribution of said estate to J. Warren Davis, executor of Harriett Nichols Cook, sole heir at law of said Enos Nichols, deceased, in the sum of $45,000. An attempt was made to appeal from this order, but the appeal was never perfected; and thereafter relators applied to the district court of Pottawatomie county for an order to compel respondent, as county judge of said county, to send up to the district court a transcript of the record in said proceedings. Upon a hearing had upon this application on the 10th day of August, 1914, the application was dismissed,

and the district court on that day vacated an order theretofore made, restraining respondent from proceeding with said partial distribution. On October 15, 1914, in the county court of Pottawatomie county, Hon. G. A. Outcelt, special judge, presiding, a decree was rendered, admitting to probate the alleged lost will of Enos Nichols, deceased, from which judgment an appeal was perfected to the superior court, and the cause thereafter transferred from the superior court to the district court. On May 26, 1915. the superior court entered an order purporting to dismiss said appeal. This last order was made after the transfer to the district court. On June 10, 1915, relators presented objections to the jurisdiction of the district court, which was by that court heard and overruled, the court holding that said case was properly pending therein, and it had jurisdiction to proceed in the hearing thereof. On July 15, 1915, objections were again presented by relators to the district court, challenging its jurisdiction, which, upon a hearing thereof, were overruled, and the case thereafter heard, and on July 30, 1915, the district court rendered judgment, finding that Enos Nichols died intestate, and that said alleged lost will was not entitled to probate. In said last-mentioned order and judgment of the district court it was ordered:

"And it is by the court further ordered that the clerk of this court is ordered and directed to transmit and remit to the county court of Pottawatomie county, Okla., a certified copy of the findings of fact by the court and the decree herein entered, and the county court of Pottawatomie county, Okla., is ordered forthwith to vacate, annul, and set aside the order admitting said last will of Enos Nichols, deceased, to probate. * * * And the county court is ordered and directed to proceed with the distribution of said estate in accordance with a decree of heir-

242    SUPREME COURT OF OKLAHOMA.

State ex rel. Nichols et al. v. Johnson, County Judge.

ship and distribution made and entered by said county court on the 21st day of November, 1913."

This judgment was duly transmitted to the county court, and was filed therein, and thereafter, on the 16th day of August, 1915, respondent, as judge of the county court of Pottawatomie county, in obedience to the mandate of the district court, made and entered an order, vacating the order theretofore entered admitting said lost will to probate, and was proceeding to distribute said estate in accordance with the mandate of the district court. No appeal has been prosecuted by relators from the judgment of the district court above set out.

From the foregoing statement of facts it is seen that respondent has simply acted in obedience to the mandate of the district court, which it was his duty to do, so long as said judgment remained unappealed from and unsuperseded. There does not appear to us to be any foundation for the allegation made against respondent, neither do his acts under the circumstances constitute any contempt of this court, or any violation of the order made by it. The fact that relators may appeal to this court does not operate to supersede the judgment, or to prevent respondent from obeying its mandate, until said judgment is superseded in the manner required by law. Section 5251, Rev. Laws 1910.

There is nothing before us to show that an administrator, with the will annexed, has been appointed, and, if there were, he is not a party to the appeal in the district court from the judgment of July 30, 1915, and could not, of course, appeal from said judgment to this court; and section 5276, Rev. Laws 1910, has no application here.

The question of the validity of the transfer from the superior court to the district court, and of the conclusive-

ness of the alleged order of the superior court dismissing said cause, were matters which the district court had jurisdiction to inquire into and determine, and these matters were presented to the district court by relators herein, and decision rendered thereon as stated. In this proceeding we are not authorized to inquire into and determine whether the findings of the district court in these matters are correct, because we have not the record before us, nor are they properly presented for our consideration at this time. If that court decided that it had jurisdiction, even though it may have decided this matter erroneously, its judgment would be sufficient justification for respondent to comply therewith until the same is reversed or vacated in the manner provided by law. *Pioneer Tel. & Tel. Co. v. State*, 40 Okla. 417, 138 Pac. 1033; *Dowell v. Applegate*, 152 U. S. 327, 14 Sup. Ct. 611; 38 L. Ed. 463.

Papers purporting to be copies of certain alleged orders and papers not presented at the hearing are incorporated in brief of relators, but we are not at liberty to consider them, as we can only examine such as were presented at the time.

Many other questions are suggested by relators, but we think they are such as should be presented on appeal, and not necessary to a determination of the merits of the present proceedings.

The respondent, in obeying the mandate of the district court, was guilty of no violation of the order made herein, and the rule to show cause is discharged and the application therefor dismissed at the cost of relators.

All the Justices concur, except KANE, C. J., absent and not participating.