## FREEMAN v. BRYANT.

No. 10506—Opinion Filed Sept. 9, 1919.

Rehearing Denied Oct. 14, 1919.

(Syllabus by the Court.)

1. **Courts—Transfer of Cause—Jurisdiction.**

Where an order of removal of a cause from one court to another is made, the former court is thereby divested of jurisdiction and the jurisdiction of the latter court attaches and the cause proceeds as if originally instituted there.

2. **Same—Objections to Transfer—Waiver—Estoppel.**

Where a case has been transferred from one court to another, the parties are bound to take notice of the transfer and the subsequent proceedings had therein by the court to which said transfer is made. And when any of such parties go to trial in the court to which the transfer is made, or indulge in any conduct inconsistent with an intention to insist upon any impropriety of such transfer, said parties waive any objection to the propriety of the transfer and are also estopped to deny that the court to which the case is transferred has jurisdiction to try the cause.

3. **Judgment—Vacation—Transfer of Cause—Lost Records.**

Where a suit has been filed in the superior court and where such court on application ordered that said cause be transferred to the district court of the county, in accordance with the provisions of section 15, chap. 20. Session Laws of Oklahoma of 1915, jurisdiction of said cause is thereby divested out of such superior court and vested in the district court, and the latter becomes fully vested with power to proceed with the trial of said cause to a final determination thereof in said court. And where it appears that the district court took jurisdiction of said case, ordered that the lost records in said case be substituted, that said substitution was made by the parties and said case proceeded to a trial thereof upon the merits, and final orders judgments and decrees rendered therein by said court; and that said court thereafter adjourned for the term and that no appeal was taken from such final judgments, orders and decrees, but that more than four months after the adjournment of said term and during a subsequent term of said court and when a different judge was presiding attor-

neys for the losing party presented an unverified motion to vacate, dismiss and set aside and hold for naught the proceedings theretofore had in said case for the reason that the court acquired no jurisdiction over the person or subject-matter involved in said suit, stating that there had been no such case pending in the district court within the county, and for the further reasons, to wit: Said action was begun in the superior court, that transfer was ordered therein but no transfer of the files. records and proceedings had in the superior court was ever lodged or filed with the clerk of the district court. (2) said files having never been supplied or substituted as required by law, (3) that under the conditions of the record as it now stands it would be impossible for the defendant in said case to make or serve case-made therein or to prosecute an appeal to the Supreme Court from the judgment rendered herein, there being no records in the district clerk's office of any of the proceedings had in the superior court, either original or substituted, and no proper certification of the proceedings in the superior clerk's office or the superior court showing that any such proceedings had ever been had in the superior court; and said court over the objections of the adverse party proceeded to take testimony in support of said motion, and at the conclusion of such hearing sustained said motion, giving as his reason therefor that the court finds and holds that the order of the superior court transferring said cause and directing the clerk to make up the record and certify same to this court, was never complied with, that the records were lost in the superior court and were never supplied either in that court or the district court, and that therefore the court had no jurisdiction to hear and determine the cause —held, such procedure is not a compliance with, or authorized by Revised Laws of Oklahoma, 1910. sections 5267, 5268, 5269, 5270 and 5271.

4. **Same—Proceeding to Vacate.**

While great discretion is allowed the trial court in the control of its judgments and orders, and in the exercise of its power to vacate or modify the same at the term at which the same were rendered or made, yet the court is without jurisdiction, at a subsequent term, to take any steps toward vacating or modifying a judgment or order of the court, unless there is a substantial compliance with the terms of the statute.

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by Anna Freeman, administrator, against E. Norris Bryant. From a judgment vacating a judgment for plaintiff, she brings error. Reversed and remanded.

I. H. Spears, for plaintiff in error.

Poe & Lundy, for defendant in error.

JOHNSON, J. Mahalia J. Mitchell, deceased, had before her death contracted with

the Berry-Hart Real Estate Company, agents for T. E. Smiley, trustee, for the purchase of lots 1 and 2, block 7, Fairview Addition to Tulsa, Oklahoma. The consideration was payable in monthly installments. After paying all of said consideration except a balance of $48.50 her circumstances became such that for the time being she was unable to meet the payments, and she thereupon turned said contract over to E. Norris Bryant, who, it was alleged in the petition, held himself out to the public as being one who would take up contracts of poor people who were behind in their payments on property.

The record discloses that said E.' Norris Bryant paid the balance due on the property, $48.50, and took the deed from T. E. Smiley, trustee, in his own name, and proceeded to collect the rents from said property. The jury found (1) that said deed was not intended to sell and convey, but (2) was made to secure money advanced and was to be considered as a mortgage, and (3) that no consideration whatever had been advanced by E. Norris Bryant to said Mahalia J. Mitchell. The jury further found that said E. Norris Bryant had received in rents from said premises the sum of $192.00.

The court in its judgment adopted the findings of the jury, made other and further findings, and ordered the title and possession of said property forever quieted in the heirs at law of Mahalia J. Mitchell, and directed said E. Norris Bryant to make and execute a deed to same in favor of said heirs.

Originally this case was filed in the superior court of Tulsa county, but, application having been made to transfer same to the district court, same was ordered transferred to the district court. Journal entry of the order of transfer was filed July 19, 1917, and on August 7, 1917, notation was made on the appearance docket of the superior court to the effect that the case had been transferred to the district court. The files in the case were completely lost, and on October 12, 1917, application was made to the district court to supply lost files, and an order was made authorizing plaintiff to supply the pleadings. This was done. and the defendant on February 2, 1918, filed an amended answer and cross-petition, in which he asked affirmative relief against the plaintiff. Thereafter, the trial was had as aforesaid, and judgment rendered June 27, 1918.

On December 9, 1918, defendant filed motion to vacate. dismiss. and set aside said judgment on the ground that the court had acquired no jurisdiction over the person or subject-matter involved in said suit, and, on the same day, the court sustained the motion on the ground that the court was without jurisdiction to try and determine the issues

of fact and law in said action, and therefore ordered said judgment set aside and vacated, and the cause dismissed.

It is from this judgment of the court, in which defendant's motion to vacate and set aside the former judgment was sustained, that this appeal has been prosecuted. While there are eight assignments of error urged in this appeal, there are but two important questions presented. It will readily be seen that one issue involved and before this court is the question of jurisdiction of the district court to render the former judgment. That was the question decided by the district court in its judgment subsequently entered. and it is around this question that the arguments in the briefs of the parties is centered. Therefore we will discuss that proposition first.

Section 15, chapter 20, Session Laws of Oklahoma, 1915, provides, among other things:

"The superior court, or judge thereof may, at any time, in his discretion, transfer to the district court of said county any cause pending and undetermined therein which may be within the jurisdiction of the district court. * * * Upon such transfer being made, such cause shall stand for trial in the court to which it has been so transferred as if it had been originally filed therein, and in such cases the court clerk shall transfer the original files to the court to which said cause has been so transferred."

Besides granting the power and authority of transfer, two things are evident under this statute: (1) that the cause, when so transferred, stands for trial in the court to which it has been transferred as if it had been originally filed therein, and (2) it is the clerk's duty to see that the files are properly transferred from one court to the other. In the case at bar the court clerk was acting in the double capacity of clerk of both courts, the superior court and the district court. Yet he failed to do his duty, in this instance, as an officer of either court.

That the order of transfer was made by the superior court is uncontroverted. This order divested the superior court jurisdiction and the jurisdiction of the district court attached and the cause proceeded as if originally instituted there. 15 C. J. 1150, sec. 625; Ex parte Copeland, 5 Okla. Cr. 551, 115 Pac. 627. And the parties were bound to take notice of the transfer and subsequent proceedings. 15 C. J. 1151, sec. 626; Phelps v. Stewart, 17 Md. 231. This the defendant, E. Norris Bryant, did, and especially so when on February 2, 1918, pursuant to a permission by the court to file out of time, he filed in said cause his amended answer denying the allegations in plaintiff's petition, and

praying the court that the plaintiff's bill be dismissed. Therefore, as disclosed by the record, it appears that defendant took notice of this transfer of the cause, followed same into the district court, filed therein his further pleading, sought relief against the plaintiff, participated in the trial without making any objections. lost the cause, and failed to prosecute an appeal.

Can this defendant now deny the jurisdiction of the district court? We think not. A party who goes to trial in the court to which the transfer is made, waives any objection to the propriety of such transfer, a waiver which may result from any conduct inconsistent with an intention to insist upon the impropriety. See 15 C. J. 1151-1152 and cases cited; Railroad Co. v. Gregg, 181 Ind. 42. 102 N. E. 961; Grant v. Grant. 38 Nev. 185, 147 Pac. 451; Wells v. Schofield, 141 N. Y. S. 657: Trocon v. Ry. Co., 91 Kan. 887, 139 Pac. 357; Dean v. Smith. 146 Ill. App. 382; Tel. Co. v. Buckner, 160 Ky. 604, 169 S. W. 1000; Parker v. Hamilton, 49 Okla. 693, 154 Pac. 65; State ex rel. Strong et al. v. Superior Court Pott. Co., 38 Okla. 366, 132 Pac. 1077; Price v. Peoples, 66 Oklahoma, 168 Pac. 191.

We believe that the contention of the defendant in error that the district court was wholly without power or authority to make an order authorizing plaintiff in error to supply lost files, is untenable and without merit. This contention of the defendant in error is based upon the fact that the files were lost, and. because the files had not been properly transmitted, the district court was wholly without jurisdiction. For the purpose of giving the district court complete control over the case. it was not necessary that the papers should have been actually transmitted from the one court to the other. The order for the removal transferred the jurisdiction. and from that moment. in legal contemplation. the case was in the district court. "If this were not the true view of the subject. the proceedings might be suspended for an indefinite time between the two courts, a condition of things never contemplated by the Constitution and laws." William Brown v Robert Gilmore's Ex'rs et al., 8 Md. 322. The district court had the authority and full jurisdiction to make the order to supply files, or to have made any other order that the county court might have made before the cause was ordered transferred. Hawes and Duncan. Ex'rs. v. B. H. Foote et al., 64 Texas 22. This is on the principle that it was the original jurisdiction of the district court that attached. and the cause proceeded as if originally instituted there; such jurisdiction is original and not appellate, and "it matters not whether or not the county court had

cognizance of the cause, so it falls within the original jurisdiction of the district court." W. D. Cleveland v. J. W. Tufts. 69 Tex. 580; and see 3 Wil. Civ. Ct. App. 550.

In Smith Brothers v. J. T. Hardin, 68 Tex. 120, an order was taken in the county court transferring the cause to the district court, and, thereafter, plaintiffs, in vacation, filed an amended petition setting up nothing materially different from the allegations of the original petition. The court said in discussing same:

"It mattered not that the petition claimed to have been filed by leave of the court. Such a recital as this. or any other, was unnecessary and could not vitiate. The petition showed on its face that it was a proper proceeding in a proper court."

In A. H. Boyden, Ex'r, v. Joseph Williams, 84 N. C. 608, it was said in the syllabus:

"It is error for a court to which a cause has been removed for trial to send it back because the transcript of the record does not show 'that it was transferred according to law.' The order of removal itself is conclusive and the court should have proceeded with the case, unless it positively appeared that the order was made contrary to law."

In this case the Supreme Court of North Carolina. speaking through Justice Ruffin. said:

"It was a mistake to have supposed at all that the transcript should disclose the reasons why the removal was asked for or ordered, and still more that their sufficiency could be made the subject of inquiry in the court to which the cause was sent. These were all matters concluded by the order itself, and that they should be so concluded must be apparent to every one after slight reflection upon the inconvenience which might result from holding them to be otherwise. Suppose the court in Rowan had declined to take back the action when the court in Iredell ordered it to be restored to it, we should then have had the singular spectacle of a cause suspended between two courts— both disclaiming it and refusing to take a single step towards its trial—and all the while the parties helpless, for until one or the other of the courts should take some action no appeal could be framed. Commenting upon the possibility of such an inconvenient state of things, in the case of State v. Seaborn, 4 Dev. 305, this court declared that it was indispensable that there should be some method for a court to which a cause is removed, to determine whether it has the power and is bound to try it, and that the only way to accomplish this with certainty was to treat the order of removal as entered of record as conclusive, and the case of Rex v. Harris, 1 Bla. Rep. 375, is cited to show that such was the construction given by the courts in England to a statute similar to our own providing for the removal of causes in certain contingencies. And since Seaborn's case, as was said in the case of the State v. Barfield, 8 Ired. 344, it has been considered

as settled that the assignment of the grounds for the removal need not appear in the record, but only the order of the court. We can see nothing in the case then to cause us to doubt that the cause was effectually removed to the court of Iredell county, and are at a loss to know why that court refused to entertain it."

This question was passed upon by this court in the case of In re Nichols' Will, Phebus et al. v. Vinson et al., decided July 10, 1917, 64 Oklahoma, 166 Pac. 1087, where, in the third paragraph of the syllabus, it was said:

"After a cause has been legally transferred from a superior to a district court, the jurisdiction of the superior court over the cause is lost, and any further proceeding had therein is a nullity. (a) On an appeal to the superior court from the judgment of a county court admitting a will to probate, the superior court made an order transferring the cause to the district court of the county. During the following week a part of the records in the case were filed in the district court; thereupon the proponents of the will entered a special appearance in the district court and moved to remand the case to the superior court. After the case had been transferred to the district court and its jurisdiction thereof had attached, the proponents, upon hearing had in the superior court at a succeeding term, procured to be made an order vacating and setting aside the order of transfer and dismissing the appeal for want of jurisdiction, which order or judgment they subsequently set up in bar of further proceedings in the district court. Held: that the district court having acquired jurisdiction of the cause by reason of the transfer to it from the superior court, the latter court was without jurisdiction to vacate and set aside its former order, and that the proceedings had in said court at such subsequent term were coram non judice."

The following is an extract from the opinion of Sharp, C. J., in the above case:

"It is a rule widely recognized that jurisdiction will be presumed as to courts of general jurisdiction, such as the district courts in this state, unless the contrary appears of record. 11 Cyc. 691, 692. Also, it will be presumed that every step necessary to give jurisdiction has been taken, although this presumption may be rebutted by extrinsic evidence, as when the jurisdiction may be inquired into. Applegate v. Lexington & Carter Co. Min. Co., 117 U. S. 255, 6 Sup. Ct. 742, 29 L. Ed. 892; Voorhees v. Jackson, 10 Pet. 449, 9 L. Ed. 490. Acts or admissions affecting the validity of the proceedings must be affirmatively shown. The manner of the transfer of the files to the district court was irregular, as best we can gather from the record. Indeed it seems that a part of the files from the county and superior courts were not lodged with the district court until in the month of June, prior to the trial in July. This omission, while an irregularity,

did not affect the jurisdiction previously acquired by the district court * * * We think that by the appeal from the county court the jurisdiction of the superior court attached, and the cause having been transferred to the district court, and that court having acquired jurisdiction, the superior court was divested of all further jurisdiction over the proceedings. Simpkins v. Parsons, 50 Okla. 786, 151 Pac. 588. This we held in State ex rel. Nichols et al. v. Johnson, County Judge, 58 Okla. 239, 158 Pac. 1129, which action arose out of the final judgment of Judge Watts, made July 30, 1915, in the will contest proceedings under consideration, and in which it was said that the order of the superior court was made after the transfer of the cause to the district court. Jurisdiction generally could not, at the same time, be both in the superior and district courts. By the transfer to the district court, the superior court lost jurisdiction. State v. Reid, 18 N. C. 377, 28 Am. Dec. 572; Two Rivers Mfg. Co. v. Beyer, 74 Wis. 210, 42 N. W. 232, 17 Am. St. Rep. 131; State ex rel. Nichols et al. v. Johnson, Co. Judge, supra, 58 Okla. 239, 158 Pac. 1129; 7 R. C. L. 1067; 11 Cyc. 690. And the fact that a part of the files, either from the county or superior court, were not with the other files lodged with the district court will not serve to defeat the jurisdiction of the latter court."

In the case just quoted from, it was alleged in the supplemental petition that on "the 2nd day of January, 1915, said papers and files in said cause were taken from the office of the clerk of the superior court and lodged and filed in the district court by F. H. Reily, one of the attorneys for the objectors." In the case at bar there were no files transferred, but that was due to the failure in duty and neglect of the court clerk. The court clerk was the clerk for both the superior and district courts, and the transfer by him was in that respect in the nature of a fiction of law. But that point need not be discussed here; for our purposes it is sufficient that the order of removal transferred the jurisdiction, and from that moment, in legal contemplation, the case was in the district court. We believe the authorities cited, supra, fully sustain this view.

The question is analogous to the attaching of jurisdiction in the appellate court upon the filing and approval of supersedeas bond. Keyser et al. v. Farr, 105 U. S. 265, 26 L. Ed. 1025; Goddard v. Ordway, 101 U. S. 745; Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121; Jerome v. Carter, 21 Wall. 12 (88 U. S. 515). It is a settled doctrine that the court on appeal acquires jurisdiction on the filing and approval of the appeal bond. Dillard v. Wilson, 137 S. W. 152; Merrifield v. Western Cottage Piano and Organ Co., 87 N. E. 379, 238 Ill. 526, 128 Am. St. Rep. 148; Reynolds v. Perry, 11 Ill. 534; Owens v. McKetthe, 5 Gilm. 79; Simpson v. Alexander, 5 Gilm. 260.

The other important issue presented in the prosecution of this appeal is set out in the first and second assignments of error, which are as follows:

"1. Said court was without jurisdiction to render said judgment against the plaintiff in error on the 9th day of December, 1918, same being a term of court subsequent to the term in which a final judgment had been rendered against the defendant in error, and in favor of plaintiff in error, respecting the same subject-matter, and from which no appeal had been taken.

"2. The court committed error in hearing said cause, on the unverified motion of defendant in error to set aside, vacate and dismiss and hold for naught all proceeding theretofore had in said cause, in violation of the statutes of the state of Oklahoma in such cases made and provided."

We think that these assignments of error are well taken. The trial was had and the findings of the jury made on February 27, 1918, and the journal entry of judgment was filed June 27, 1918. The judgment appealed from in this case was made and entered December 9, 1918, setting aside the former judgment. This was about six months after the judgment sought to be set aside was rendered, from which judgment no appeal had been made. The question of jurisdiction was one which could have been raised at the trial had February 27, 1918, and the doctrine of res judicata applies to all matters which existed at the time of the giving of the judgment, and which the party had an opportunity of bringing before the court. Newoyton v. Levy, Law Rep. 7 C. P. 180; Wisconsin v. Louis E. Torinus, 28 Minn. 175. We are aware of the rule that a void judgment may be vacated at any time and the fact that the term of court at which the judgment was rendered had expired does not serve to give a void judgment any standing. But, the district court having had full jurisdiction and control over this case from the time the order of transfer was made, its judgment subsequently rendered is far from being a void judgment. And that being the case, such court did not possess the authority to vacate or set aside its final judgment after the expiration of the term; after the term expired the judgment had passed beyond its control. 23 Cyc. 902; Johnson v. Jones, 58 Kan. 745. As said in the syllabus of Continental Gin Co. v. Arnold, 66 Oklahoma, 167 Pac. 613:

"While great discretion is allowed the trial court in the control of its judgments and orders, and in the exercise of its power to vacate or modify the same at the term at which the same was rendered or made, yet the court is without jurisdiction, at a subsequent term, to take any steps toward vacating or modifying a judgment or order of the court, unless there is a substantial compliance with the terms of the statute."

The motion to set aside the judgment was an unverified motion. Said motion was filed December 9, 1918, the hearing had and the judgment sustaining same entered on the same day. Section 5267 of the Rev. Laws of Oklahoma, 1910, provides the methods to be employed and the reasons for which a district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made. Sections 5269, 5270 and 5271 of said statutes govern the formal proceedings by petition, the trial of the ground of review, and what defense or valid cause of action must be shown. The only semblance of authority for the proceeding in the instant case would be sec. 5268 of said statutes, providing that such proceedings to vacate or modify for the purpose of correcting mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, might be by motion, upon reasonable notice to the adverse party or his attorney in the action, and that such motion can be made only in the first three days of the succeeding term. Considering the entire procedure had in this case, we reach the conclusion that same is not a substantial compliance with, or even authorized by secs. 5267, 5268, 5269, 5270, and 5271 of the Rev. Laws of Oklahoma, 1910.

The judgment of the trial court rendered December 9, 1918, sustaining defendant's motion, is therefore reversed and the cause remanded, and the district court is hereby directed to further proceed with said cause in accordance with the views herein expressed.

OWEN, C. J., and HARRISON, PITCHFORD, and HIGGINS, JJ., concur.