PITTS
*vs.*
SHUBERT.

## PITTS *vs.* SHUBERT.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A person, for whom a sale has been made to another by an agent entrusted with his property, should affirm or disavow it at once, on being notified of it.

It is a settled principle of law, that he who is notified that a contract has been made for him, subject to his ratification, by a person pretending to have authority, is *presumed* to ratify it immediately, or repudiate it.

The plaintiff claims a lot of one hundred and twenty-eight hogs, worth ten dollars per head, which he alleges are in the possession of the defendant, who has combined with a certain Charles Foster, to defraud him out of his property. He prays judgment for the restitution, and in default thereof for the value of said hogs, and damages.

The defendant denied his liability to the plaintiff, and averred he purchased said hogs in good faith, and for a valuable consideration from one Foster, who had authority to sell.

Upon these issues and pleadings, the cause was submitted to a jury.

The evidence showed that in the summer or fall of 1835, a young man named Foster, arrived at the City of Lafayette with a boat load of hogs. He soon after met with the defendant and told him he was not the owner of the hogs; that the owner had been left behind by an accident, and he did not know when he would be on. That he had no corn, or any means to buy it, to feed his hogs with, and wished to sell them to the defendant, who knew the plaintiff, and had had dealings with him. He said he would sell them on condition that the sale should be ratified by the plaintiff when he arrived, which was expected daily. The defendant assented.

EASTERN DIST.
June, 1837.

PITTS
vs.
SHUBERT.

Another witness for plaintiff stated that it was agreed between Foster and defendant, that he (witness,) should average the weight and price of the hogs. That he made a calculation of the amount of one hundred and twenty-eight head of hogs, averaging their weight and fixing the price ; he made out a receipt for the price at seven and a half cents per pound, making, he thinks, five hundred and eighty-two dollars and fifty cents, which sum was paid to Foster by the defendant. That Foster said to the defendant on taking the money, that he took it only on condition that the defendant was to satisfy the plaintiff when he arrived. Foster appeared to act in good faith throughout. From a commission returned after the suit was tried, the evidence of Foster showed he paid the money over to the owner.

It also appeared that the plaintiff arrived three or four days after the sale. He made no positive demand of the defendant either for the money or hogs. But said he would go and look after Foster and get the money. Defendant loaned him twenty dollars for this purpose, and took his receipt. He asked defendant for Foster's receipt for the price of the hogs, in order to get the money back from him. Plaintiff appeared to be satisfied with defendant, and seemed as if he would pursue Foster and get his money. Soon afterwards he instituted this suit.

The jury returned a verdict of six hundred and eighty-two dollars for the plaintiff. From judgment rendered thereon the defendant appealed.

*Roselius*, for the plaintiff.

*Carter, contra.*

*Martin, J.*, delivered the opinion of the court.

The plaintiff sues for the restitution of a lot of hogs in the possession of the defendant, of which he alleges the latter wishes to defraud him, or for the recovery of the price. The defendant pleaded the general issue, and averred that he had purchased the lot of Foster, who was authorized by the plaintiff to sell it, and who received payment therefor.

There was a verdict and judgment for the plaintiff, and the defendant appealed. The testimony shows that the defendant purchased the hogs *from*, and made payment for them *to* Foster, who informed him that they belonged to the plaintiff, and that the validity of the sale was to depend on his ratification ; that he, Foster, had been entrusted with them by the plaintiff, and was obliged to sell them, because he was without means of buying corn to feed them.

The plaintiff arrived a few days after, and called on the defendant, and was informed by him that he had purchased the hogs of Foster, who told him they were sold for the plaintiff's benefit, and that the validity of the sale depended upon the latter's ratification. The plaintiff did not then disavow the act of Foster, but intimated his intention of pursuing him to recover the money. For this purpose he requested the defendant to aid him by an advance of twenty dollars, which was done, and to furnish him with Foster's receipt as evidence of his claim against the latter. The pursuit of Foster having been neglected or proving fruitless, the present suit was brought.

A person for whom a sale has been made to another by an agent intrusted with his property, should affirm or disavow it at once on being notified of it.

We are not satisfied with the correctness of the verdict. It appears to us that if the plaintiff intended to disavow the sale by Foster, he ought to have done so immediately on his arrival. He ought not to have played fast and loose, and induced the defendant to forego the immediate pursuit of Foster. No principle is better settled than that he who is notified that a contract has been made for him and subject to his ratification, by a person who pretended to have authority for that purpose, is presumed to ratify it, unless immediately on being informed thereof, he repudiates it. *Digest* lib. 14, tit. 6, l. 16. Part. 5, tit. 1, l. 6, note 2. *Merlin's Questions de Droit, verbo Compte Courant, section* 1. *Paillet on the* 1985*th article of the Code Napoleon.* 7 *Martin, N. S.,* 143. *Flower et al.* vs. *Jones et al., Louisiana Code, article* 2958.

It is a settled principle of law, that he who is notified that a contract has been made for him, subject to his ratification, by a person pretending to have authority, is *presumed* to ratify it immediately or repudiate it.

We have thought it best to have the case submitted to a second jury, especially as the defendant's counsel has urged, that he will be enabled to prove that the money received by

Foster from the defendant, has came into the plaintiff's possession.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the judgment set aside, and the case remanded for a new trial; the costs of the appeal being borne by the plaintiff and appellee.