STATE *ex rel.* STRONG *et al.* v. SUPERIOR COURT OF POTTAWATOMIE COUNTY *et al.*

No. 4980.   Opinion Filed June 10, 1913.

(132 Pac. 1077.)

**COURTS—Superior Courts—Jurisdiction in Probate.** By reason of sections 1966 and 1974, Comp. Laws 1909 (Rev. Laws 1910, secs. 1798 and 1806), the superior court has jurisdiction of matters of probate in a cause appealed from the county court to the district court and transferred upon motion of plaintiffs to the superior court.

(Syllabus by the Court.)

Action by the State of Oklahoma, on the relation of Sabrina B. Strong and others, for writ of prohibition against the Superior Court of Pottawatomie County and George C. Abernathy, Judge thereof. Writ denied.

*H. H. Smith, Jno. T. Suggs,* and *C. W. Crim,* for relator. *F. H. Riley* and *W. S. Pendleton,* for respondent.

HAYES, C. J. This is an original action in this court, brought by relators to secure a writ of prohibition against the superior court of Pottawatomie county to restrain it from proceeding to hear and try a certain cause now pending in that court. The facts upon which the action has arisen are substantially as follows: On or about the 26th day of September, 1912, one Samuel Bailty died in Pottawatomie county, leaving an estate disposed of by him in a will. His will was filed with the county court, together with petition for probate of same. Relators appeared in that court and contested the probation of the will. From a judgment probating the will, they took an appeal to the district court. In that court, upon a motion which purports to have been made by counsel for relators, an order was made transferring the cause to the superior court. In the superior court relators appealed and filed a motion to re-

transfer the cause to the district court, upon the ground that the superior court was without jurisdiction to hear matters of probate transferred from the district court to it. This motion was overruled, and it is alleged that, unless restrained, the superior court will proceed to determine the cause.

The demurrer to relator's petition presents for the consideration of this court the sole question whether causes appealed to a district court from a county court, involving its probate jurisdiction, may be transferred to the superior court for trial and determination. Section 1966, Comp. Laws 1909 (Rev. Laws 1910, sec. 1798), which constitutes part of the act creating superior courts, provides:

"Every such court shall have and exercise concurrent jurisdiction with the district court in all proceedings, causes or matters, and concurrent jurisdiction with the county court in all civil and criminal matters, except matters of probate."

But for the last clause of this section, to wit, "except matters of probate," we think there could be no room whatever for controversy about the meaning of this section; for the language conferring jurisdiction upon the superior courts does not limit it to the exercise of "concurrent original jurisdiction," but provides that it shall have concurrent jurisdiction in all proceedings, causes, or matters. That it was not intended by this act to confine the concurrent jurisdiction conferred upon the superior courts to original jurisdiction and not include appellate jurisdiction was determined in *Oklahoma Fire Ins. Co. v. Phillip,* 27 Okla. 234, 111 Pac. 334, where it was held that a case pending on appeal in a county court from a judgment of the justice of the peace may be transferred on motion of plaintiff to a superior court and be tried and determined by it. We think this construction applies equally to the clause conferring jurisdiction concurrent with the district court. Such construction is within the letter of the statute, and is also in harmony with its spirit and purposes as discussed in *Burks v. Walker,* 25 Okla. 352, 109 Pac. 544. The question arises whether the clause of exception reserves from the general lan-

guage of the section conferring jurisdiction upon the superior court concurrent with the district court all cases of probate matters appealed from the county court. The well recognized rule of construction is that saving and excepting clauses are to be strictly construed, and that they apply and limit only the preceding clause, unless it is plain from the remainder of the statute that a wider meaning and effect is to be given to them. That such wider meaning was intended by the legislators in the act here involved does not appear. The excepting clause limits only the language "concurrent jurisdiction with the county court in all civil and criminal matters," and does not affect the preceding clause, conferring jurisdiction concurrent with the district court; and it is intended by the statute that the superior court shall possess the same jurisdiction, both original and appellate, that is possessed by the district court. The appeal involved in the case at bar was not taken directly from the county court to the superior court; but by section 1974, Comp. Laws 1909 (Rev. Laws 1910, sec. 1806), it is made the duty of the judge of the district court, when a plaintiff in any cause pending in the district court files a motion to transfer such cause to the superior court of any county in which the cause is pending, to make the transfer; and it was under the provisions of this statute that the transfer in the instant case is made. Relators have filed in this proceeding affidavits tending to establish that the counsel who made the motion on behalf of plaintiffs to transfer the cause from the district court to the superior court did not represent all the plaintiffs in that proceeding, and were without authority to make the motion. Respondent has filed affidavits and other evidence tending to controvert the affidavits filed on behalf of relators upon this issue; but we cannot consider this issue, for the reason the same is not presented in relators' petition for writ of prohibition, and for the further reason that such irregularities, if they exist, have never been presented to the lower court. Irregularities in the transfer may be waived by the parties, and if waived by them any judgment rendered by the

superior court would be regular. The irregularities charged in the affidavits filed on behalf of relators are not such as appear upon the face of the record, and are such that can be brought to the attention of the trial court only by evidence. It would be manifestly unjust for this court to assume that, if there have been irregularities in the transfer, the trial court will not make any order necessary to correct same upon the facts being properly presented to that court. Upon this question it is said at page 1128, Encyc. of Plead. & Pr.:

"Applications for the writ of prohibition are premature until exception has been taken to the jurisdiction of the lower court and overruled, and will be refused if this has not been done, for it is invariably presumed that courts will give to parties the relief to which they show themselves entitled."

Upon the ground presented to the court below in the motion to retransfer the case to the district court, that court was correct in overruling the motion to transfer the cause back to the district court; and the second ground attempted to be presented by the affidavits filed here does not appear to have ever been presented to the trial court. For this reason, and for the reason that such ground is not set up in the petition of relators, it cannot be considered. If this issue had been properly presented, there would still remain the question whether relators would not have an adequate remedy by appeal, which is also unnecessary to be determined at this time.

As a result of the views expressed herein, the writ must be denied.

All the Justices concur; except WILLIAMS, J., not participating.