DANIEL *et al.* v. JOHN P. LONDON CO. *et al.*

No. 3872.   Opinion Filed November 24, 1914.

(144 Pac. 596.)

1. **APPEAL AND ERROR—Harmless Error—Admission of Evidence.** The improper admission or exclusion of evidence, if not prejudicial to the party complaining, is not ground for reversal.

2. **DEEDS—Delivery—Necessity.** A deed signed and acknowledged, but not delivered, is not effective as a conveyance, and does not transfer or pass title.
   (Syllabus by Galbraith, C.)

*Error from District Court, Carter County;*
*Stillwell H. Russell, Judge.*

Action by the John P. London Company against the Chickasaw Lumber Company, Oscar Gray, Josie Gray, and W. C. Daniel. Judgment for plaintiff, and the defendants W. C. Daniel and Josie Gray bring error. Affirmed.

*Sigler & Howard,* for plaintiffs in error.

*J. C. Thompson,* for defendants in error.

Opinion by GALBRAITH, C. This action was commenced in the trial court to recover judgment on three promissory notes

given by Oscar Gray to the John P. London Company and to foreclose a real estate mortgage executed to secure the same on lots 10 and 11, block 9, Oil City, Carter county, Okla. The cause was submitted to the court for trial. At the conclusion of the evidence the court found for the plaintiff and against the defendants, and directed judgment for the amount found due on the notes, and for an attorney's fee, amounting in the aggregate to the sum of $396.41, and decreed a foreclosure of the mortgage and ordered the sale of the mortgaged property to satisfy the judgment, costs, interest, and attorney's fee. The defendants W. C. Daniel and Josie Gray have appealed from that judgment.

It is complained: First, that the court erred in sustaining an objection to a deed to the lots described in the mortgage from Josie Gray to W. C. Daniel, when offered in evidence. This deed bore date of April 10, 1911, while the mortgage to the John P. London Company from Oscar Gray, who was the husband of Josie Gray, was dated August 12, 1909. The evidence offered on behalf of the John P. London Company showed a title to the lots described in the mortgage in Oscar Gray at the time of the execution of the mortgage, although W. C. Daniel claimed title through Josie Gray back to the allottee, a part of whose allotment had been segregated and platted into a town site known as Oil City. It also appeared from the evidence that W. C. Daniel not only had constructive notice of the mortgage to the London Company at the time he took the deed, since the same was of record in Carter county, but he had actual notice of that mortgage. In any event, it clearly appears from the record that the plaintiffs in error were not prejudiced by the ruling of the court in excluding this deed; for, under the record, if this deed had been admitted in evidence, it tended to prove that whatever title W. C. Daniel acquired by it was subsequent to the mortgage to the John P. London Company and subject to it. *Mullen v. Thaxton,* 24 Okla. 643, 104 Pac. 359; *Funk v. Hendricks,* 24 Okla. 837, 105 Pac. 352; *Moore v. A., T. & S. F. Ry. Co.,* 26 Okla. 682, 110 Pac. 1059.

Again, it is complained that the court erred in finding that the deed for the lots described in the mortgage to E. J. Gray, the infant son of Oscar Gray, had never been delivered, and therefore conveyed no title to him. The evidence showed that when Oscar Gray purchased the lots in June, 1909, and paid for them, he had the agent of the townsite company make the deed for the lots to his infant son, E. J. Gray, and directed the agent to keep the deed in his possession until he called for it; that about a month later, some time in July following, Oscar Gray called upon the agent and asked him to destroy the first deed and to make another deed conveying the lots to himself; that thereupon the agent destroyed the deed to E. J. Gray, which had not been recorded, and executed another deed for the lots to Oscar Gray, and delivered the same to him. There is abundant evidence in the record to sustain the finding of the trial court that the deed to E. J. Gray had never been delivered. If it had not been delivered, it conveyed no title. The first paragraph of the syllabus in *John W. McCuan, Executor, v. John B. Gordon et al., ante,* 144 Pac. 348, reads:

"A deed signed and acknowledged, but not delivered, is not effective as a conveyance, and does not transfer or pass title."

We conclude that the exceptions are not well taken and should be overruled, and the judgment appealed from be affirmed.

By the Court: It is so ordered.