# PARKER *et al.* v. HAMILTON.

No. 6275.    Opinion Filed July 13, 1915.

Rehearing Denied January 11, 1916.

(154 Pac. 65.)

1. **JURY—Right to Jury Trial—Extent.** The trial by jury secured to the people of the state by section 19, art. 2, of the Constitution is a trial according to the common law as it existed and was in use when the Constitution was adopted, except as specifically modified by the provisions of the Constitution itself.

2. **SAME—Will Contest.** A proceeding contesting the probate of a will is not a suit wherein the parties are entitled to a trial by jury as a matter of right under section 19, art. 2, of the Constitution.

3. **COURTS—Jurisdiction—Superior Court—Probate Proceedings.** By reason of section 1966 and section 1974, Comp. Laws 1909 (Rev. Laws 1910, secs. 1798, 1806), the superior court has jurisdiction of matters of probate in a cause appealed from the county court to the district court and transferred upon motion of plaintiffs to the superior court.

4. **JURY—Wills—Right to Jury Trial—Discretion—Advisory Verdict—Probate Proceedings.** On an appeal to the district court from a judgment of the county court admitting a will to probate, where the cause is transferred by the district court to the superior court, the latter court may, in its discretion, make an order for a trial by jury of any or all the material questions of fact arising upon the issues between the parties. But in such case the verdict of the jury will be merely advisory to the court, and he may adopt or reject their conclusions, as he sees fit; for the whole matter must eventually be left to him to determine.

5. **COURTS—Establishment of Superior Court—Validity of Statute.** Article 7, c. 14, p. 181, Sess. Laws 1909, under which the superior court of Pottawatomie county was organized, is constitutional, and said court is legal.

6. **APPEAL AND ERROR—Matter Not of Record—Brief.** This court will not consider a question raised for the first time in plaintiffs in error's brief, and evidence of which is the clerk's signature to a statement thereof in plaintiffs in error's brief.

7. **TRIAL—Submission of Issues—Advisory Verdict.** In cases where the parties are not entitled to a jury trial as a matter of

right, and the finding of the jury being advisory only, it is not error for the court to refuse to submit all the questions of fact to the jury, but he may submit such as are controverted or such as he may desire to be advised upon. **Oklahoma Trust Co. v. Stein,** 39 Okla. 756, 136 Pac. 746.

8. **JUDGMENT—Motion for Judgment—Advisory Verdict—Conflicting Evidence.** In a case where the findings of the jury are advisory only, and the same were not adopted by the court, it is immaterial whether such verdict is general or special, or upon what instructions it was reached, or whether on controverted or uncontroverted evidence.

9. **APPEAL AND ERROR—Rulings on Evidence.** In the trial of a case the question of admitting or rejecting testimony is one intrusted largely to the sound discretion of the trial court; and, where the matter submitted by the issues in the case is not one where the parties are entitled to a jury as a matter of right, and the ultimate decision of the case is with the court, and not with the jury, great latitude is allowed in the exercise of discretion by the court in admitting or rejecting testimony, and the case will not be reversed in this court for error in this particular, unless such an abuse of discretion is shown as to deprive the objecting party of some substantial right. **Tobin v. O'Brieter,** 16 Okla. 500, 85 Pac. 1121.

10. **COURTS—Transfer of Case—Waiver of Irregularities.** Irregularities in the transfer of a case from the district to the superior court may be waived by the parties, and, when waived by them, any judgment rendered by the superior court will be regular.

11. **JUDGMENT—Rendition—Validity—Advisory Verdict.** In cases where the court may ignore the findings of the jury and render such judgment as he considers authorized and proper under the evidence in the case, it will be immaterial whether or not it renders judgment in response to a motion therefor by one of the parties, and such judgment will not be void because rendered subsequent to the filing of a motion for a new trial by the party in whose favor the judgment is rendered and before passing on such motion.

12. **WITNESSES—Impeachment—Conviction of Witness.** Where the trial court admits in evidence the judgment of a foreign state convicting a witness who testified upon the trial of a felony, it is not error to exclude the facts relating to such judgment, but offered to contradict the testimony of such witness as to the facts upon which said conviction was had.

13. **APPEAL AND ERROR—Judgment Contrary to Advisory Verdict —Evidence.** Where the evidence reasonably tends to support the

judgment rendered by the court, ignoring the findings of the jury, in a case where the parties are not entitled to a trial by jury as a matter of right, such judgment will be affirmed by this court.

(Syllabus by the Court.)

*Error from Superior Court, Pottawatomie County; George C. Abernathy, Judge.*

Application by B. F. Hamilton to probate the will of Samuel Bailey, deceased, and for letters testamentary. Probate of the will was opposed by Aramelia Parker and others. From a judgment admitting the will to probate and granting letters testamentary. to proponent, the contestants appealed to the district court, from which. court the case was transferred to the superior court, where judgment was rendered for proponent, and contestants bring error. Affirmed.

*H. H. Smith, C. W. Crim, J. T. Suggs,* and *J. D. Lydick,* for plaintiffs in error.

*Samuel W. Hayes* and *F. H. Reily,* for defendants. in error.

BROWN, J. Samuel Bailey died September 26, 1912, in Pottawatomie county, Okla., leaving a will in which he devised to his nephew, Sherman Spencer, his entire estate, consisting of several thousand dollars. The will named Dr. B. F. Hamilton as sole executor without bond. September 27, 1912, B. F. Hamilton filed with the clerk of the county court his application and petition to probate the will and for letters testamentary. October 21, 1912, Mrs. May Spencer filed her application in the county court. for probation of the will and to be appointed administratrix, with the will annexed, alleging that Sherman Spencer, the legatee named in said will, died September 29, 1912, and that she was his surviving wife and heir,.

and as such entitled to the estate of Samuel Bailey, deceased, and that B. F. Hamilton was not a proper person to act as executor of Bailey's will. October 21, 1912, an answer was filed in the county court by B. F. Hamilton and Sherman Spencer, denying generally the allegations contained in May Spencer's application, and especially denying that Sherman Spencer was dead and the incompetency of B. F. Hamilton to act as executor of Bailey's will, and denying that May Spencer had any right to be appointed administratrix of the will.

. After due notice of the application to probate had been given, plaintiffs in error Aramelia Parker and Sabrina B. Strong and Parry Kilburn appeared in said county court, the two first mentioned claiming to be sisters of Samuel Bailey, the latter a nephew by a deceased sister, all claiming to be heirs of said Bailey, and protested against the probation of said will on the ground that Samuel Bailey at the time he made the same was mentally incompetent to make the will, and that the will was not executed according to law, and prayed that the court refuse probation of the will and appoint an administrator of Bailey's estate.

October 21, 1912, B. F. Hamilton and Sherman Spencer filed an answer to the objection and protest of Aramelia Parker and others, denying the allegations therein contained. November 11, 1912, Aramelia Parker, Sabrina B. Strong, Henry F. Bailey, James Chrystler, Hannah Brewer Kipton, Franklin Chrystler, Charles Chrystler, and John M. Chrystler filed in the county court of Pottawatomie county their joint protest and objections to the probate of the will of Samuel Bailey, alleging they were next of kin to said Bailey, and further alleging, in substance, that the purported will of Samuel Bailey was not

executed by him according to law, that he was mentally incompetent to make a valid will, and for various reasons therein alleged the purported will was void, and the objectors prayed for the appointment of an administrator of said estate, and that probation of the will be denied. A hearing was had in the county court December 2, 1912, and judgment rendered admitting the will to probate, and granting letters testamentary to B. F. Hamilton, executor. From this judgment the objectors, Aramelia Parker, Sabrina B. Strong, and others, appealed to the district court of Pottawatomie county. January 30, 1913, on motion of the objectors, Aramelia Parker and others, filed in the district court of Pottawatomie county, the cause was transferred to the superior court of said county. February 1, 1913, Aramelia Parker and others filed motion in the superior court of Pottawatomie county, asking that said cause be remanded to the district court of said county, alleging that, under the Constitution and statutes of Oklahoma, said superior court was without jurisdiction to hear and determine said cause. The motion was overruled, and plaintiffs, the contestants, excepted.

The case was thereafter set down for trial July 14, 1913, and on July 9th plaintiffs, contestants, filed their motion and application for trial by jury. On the same day the application for trial by jury was sustained on the agreement of plaintiffs to withdraw the application for a rehearing of their application for a writ of prohibition in the Supreme Court of Oklahoma, and upon condition that the plaintiffs deposit with the clerk of the court $200 in cash to defray the expenses of said jury. July 4, 1913, May Spencer, by her attorney, filed written objections to a trial by jury for the reason that the jury had been summoned upon the application

of plaintiffs, and the expenses thereof paid with money deposited by plaintiffs, and the summoning of the jury was irregular and not authorized by law. July 14, 1913, the case was called for trial, and May Spencer presented her application for a continuance of the case, and defendants Hamilton and Spencer, by their attorneys, moved to quash the panel of the jury summoned for the trial of the case, on the ground that the same was irregularly drawn, that there was no money in the court fund to pay the expense of the same, and that the contestants had deposited $200 with which to pay their expenses, and that fact would have a tendency to bias the jury in favor of the plaintiffs. The court overruled the motion for continuance and the objection to the jury and the cause proceeded to trial to the jury.

After the conclusion of the evidence, which covers over 300 pages of the case-made, Hamilton and Spencer moved the court to discharge the jury, and for the court to pass upon the questions of law and fact. Contestants, Aramelia Parker and others, then moved the court to instruct the jury to return a verdict in effect denying the probate of the will. After refusing numerous instructions requested by plaintiffs, the court instructed the jury, which retired, and thereafter returned into court their findings and answers to special interrogatories, as follows:

"First. Did Samuel Bailey sign the alleged will? Answer: Yes.

"Second. If he signed the alleged will, was the same executed and witnessed in compliance with the law as same has heretofore been stated in these instructions? Answer: Yes.

"Third. If Samuel Bailey signed the will and same was executed as required by law, was Samuel Bailey in

the making of the will controlled by an insane delusion as same has been defined for you in these instructions? Answer: Yes.

"Fourth. If Samuel Bailey signed the will, and same was executed as required by law, and if he was not in the making of said will controlled by an insane delusion as same has heretofore been defined in these instructions, did he have the capacity to retain in memory the extent and condition of his property, to comprehend to whom he was giving it and to appreciate the deserts and relation to him of others to whom he gave nothing? Answer: No."

Thereafter, July 19, 1913, the defendants moved the court to set aside the special verdict of the jury and enter judgment for defendants, and on July 22d defendants filed motion for new trial. July 26th plaintiffs, the contestants, filed a motion for judgment on the findings of the jury. The court thereupon pronounced its conclusions of fact and of law, and rendered judgment "that the will be admitted to probate notwithstanding the verdict, and that the costs be taxed to the contestants." Contestants excepted to the conclusions of law and fact made by the court and to the judgment rendered, and thereafter in due time filed motion for a new trial, which was overruled, and they prosecute error.

The petition in error contains fifty assignments of error, but in their brief plaintiffs in error present the case to this court upon eight general propositions, viz:

(1) "The court erred in overruling motion for new trial upon the grounds assigned that defendants or contestants below had the right of trial by jury, and consequently on disputed evidence the court could not sustain a motion for judgment notwithstanding the verdict."

(2) "The superior court was not in existence at the time of the rendition of judgment, October 13, 1913."

(3) "If the court was a legally existing court, it had no jurisdiction to make findings or render judgment at a term subsequent to the term the case was tried, without the court being adjourned to said term."

(4) "The court erred in not submitting to the jury the issue of undue influence, and in not requiring the jury to find generally."

(5) "If the verdict of the jury is special, as contended in defendant in error's brief, a motion for judgment will not lie; and this because a motion for judgment applies only when the evidence is undisputed, and when judgment may be rendered on the pleadings, notwithstanding the verdict, and never applies when a special verdict is relied upon."

(6) "The evidence of Hamilton and Spencer was incompetent, and motion to exclude same should have been sustained."

(7) "The court's view of the law as expressed in its opinion and by its instructions to the jury was erroneous."

(8) "The superior court had no jurisdiction of this case on the record."

It is claimed by plaintiffs in error that, under section 19, art. 2, of the Constitution of Oklahoma, the parties litigant are entitled to a trial by jury as a matter of right in all cases in courts of record in this state when issues of fact are joined by the pleadings. We cannot agree with this contention. The section of the Constitution referred to has been construed to confer the absolute of trial by jury in cases only where the right existed at common law as construed at the time of the erection of the state, except as modified by the Constitution.

In the case of *Baker v. Newton,* 27 Okla. 436, 112 Pac. 1034, 40 L. R. A. (N. S.) 940, it was held, quoting from paragraph 4 of the syllabus:

"Trial by jury secured to the people of the state by section 19, art. 2, of the Constitution, is a trial according to the course of the common law as it existed, and the same, in substance, as that which was in use, when the Constitution was adopted, except as specifically modified by the provisions of the Constitution."

In the case of *Baker v. Newton, supra,* Justice Hayes, speaking for the court, after quoting section 19, art. 2, of the Constitution, and construing the same, says:

"The question therefore arises: What constitutes a trial by jury as guaranteed by the Constitution? This question has been under investigation by many courts of the nation, both state and federal, and there is unanimity in the opinions that the right of trial by jury secured by the Constitutions of the various states is simply the right to a trial by jury constituted substantially and with the same elements and incidents as existed when the Constitution was adopted. *Carroll v. Byers et al.* (Ariz), 26 Pac. 599; *State ex rel. v. Withrow,* 133 Mo. 500 [34 S. W. 245, 36 S. W. 43]; *Byers v. Commonwealth,* 42 Pa. 89; *Plimpton v. Somerset,* 33 Vt. 283. 'The trial by jury secured to the subject by the Constitution is a trial according to the course of common law, and the same, in substance, as that which was in use when the Constitution was formed.' *East Kingston v. Towle,* 48 N. H. 64 [97 Am. Dec. 575, 2 Am. Rep. 174]. See, also, *Copp v. Henniker,* 55 N. H. 179 [20 Am. Rep. 194]; *Hagany v. Cohnen et al.,* 29 Ohio St. 82.

"Judge Cooley, discussing these provisions, said: 'All the state Constitutions preserve the right of trial by jury, for civil as well as for criminal cases, with such exceptions as are specified, and which for the most part consist in such cases as are of small consequence, and

are triable in inferior courts. The constitutional provisions do not extend the right; they only secure it in the cases in which it was a matter of right before.'"

And again, at page 447 of 27 Okla., on page 1039 of 112 Pac. [40 L. R. A. (N. S.) 940], it is further said:

"The constitutional provisions preserving trial by jury in this state specifically eliminate some of the features thereof as it existed before the admission of the state. Section 19, art. 2, after providing that the right of trial by jury shall be and remain inviolate, specifically provides that in county courts and courts not of record a jury shall consist of six men, and in all civil cases, and in criminal cases less than felonies, three-fourths of the whole number of jurors shall have power to render a verdict. By these provisions unanimity in the verdict is no longer required in any civil case, and the number constituting the jury, as to county courts, is reduced from twelve to six; but, except as to these two important changes in the features of the jury trial as it existed at common law, the preceding clause of the section provides that the trial by jury shall be and remain inviolate. It was evidently intended by such declaration of right that those essential features of the jury trial as existed before the admission of the state, not specifically modified by the Constitution, should be preserved."

In the case of *State ex rel. West, Attorney General, v. Cobb,* 24 Okla. 662, 104 Pac. 361, 24 L. R. A. (N. S) 639, in an opinion by Justice Dunn, it is said, quoting from paragraph 2 of the syllabus:

"The right of trial by a jury, declared inviolate by section 19, art. 2, p. 83, Snyder's Const. Oklahoma, except as modified by the Constitution itself, means the right as it existed in the territory at the time of the adoption of the Constitution."

*Apache State Bank v. Daniel,* 32 Okla. 121, 121 Pac. 237, 40 L. R. A. (N. S.) 901, Ann. Cas. 1914A, 520, was

a case in which action was commenced in the county court to compel the administratrix to inventory as part of the estate for which administration was therein pending, certain bank stock, which it was alleged belonged to the estate. The action was resisted by the administratrix, who claimed that she was the owner of said stock in .person. The issue was thus formed by the pleadings, and a trial had in county court, which resulted in an order of that court requiring the administratrix to inventory said property. From this order the administratrix appealed to the district court. A trial was had in the district court before a jury, to which the issues of fact were submitted, and the trial resulted in a verdict and judgment for the administratrix, and appeal prosecuted to this court. One of the grounds relied on for reversal was the submission of the case to a jury. It was held that the submission of the case to a jury for a general verdict was erroneous. But it appearing that the court, having carefully reviewed the evidence, reached a conclusion independent of the jury, the case was not reversed on that ground, although the conclusion reached by the court was the' same as found by the jury.

The case of *Cartwright v. Holcomb*, 21 Okla. 548, 97 Pac. 385, 17 Ann. Cas. 277, appears directly in point. The case was one involving the contest of a will, the probate of which was resisted in the county court. The court sustained the validity of the will and admitted it to probate. Contestants appealed therefrom to the district court, where a demand for a trial by a jury was refused, and the case was tried by the court without a jury. Judgment was rendered admitting the will to probate. The contestants appealed from the judgment of the district court, and a reversal was sought on the ground that plaintiff

in error had been denied a trial by jury in the district court. The case involved a question of fact upon which issue had been joined by the pleadings. This court, through the present Chief Justice, citing a number of authorities supporting the opinion, held that in such case a trial by a jury as a matter of right did not exist at common law in the territory of Oklahoma.

Such was the condition of the law in Oklahoma at the time of the erection of the state and the adoption of the Constitution. As said by Justice Kane in the Cartwright case, *supra,* it was within the discretion of the trial court to order a jury to pass upon questions of fact arising in the case. It being discretionary with the court whether it would submit the issues of fact to the jury, we think it was likewise within its discretion whether it would accept and adopt the findings of the jury upon the issues submitted to them. In such cases it is held the findings of the jury are advisory only.

The case of *Barnes et al. v. Lynch et al.,* 9 Okla. 156, 59 Pac. 995, was a suit to set aside deeds to real estate and decree title therein to be in plaintiff and for an injunction restraining defendant from disposing of the land in controversy. The suit being one in which the parties were not entitled to a trial by a jury as a matter of right, it was held, quoting from the syllabus:

"In cases of equitable cognizance, while the judge may call in a jury or consent to one, for the purpose of advising him upon the questions of fact, he may adopt or reject their conclusions, as he sees fit, and the whole matter must eventually be left to him to determine, and instructions to the jury furnish no ground of error upon appeal. It was not only the right, but the duty, of the court to have determined all questions of fact as well as of law."

To the same effect is the case of *Richardson-Roberts-Bryne D. G. Co. v. Hockaday et al.,* 12 Okla. 546, 73 Pac. 957, in which the case of *Barnes v. Lynch, supra,* is quoted with approval.

In the case of *Mosier and First National Bank of Walter v. Walter,* 17 Okla. 305, 87 Pac. 877, the territorial court held as follows, quoting from paragraph 3 of the syllabus:

"In an equitable proceeding for, the cancellation of a deed, the jury sits merely in an advisory capacity to the court, and a party cannot complain of a refusal of the court to submit special interrogatories, as their submission or rejection by a court of equity lies solely within its sound discretion, and it may adopt or reject such as it deems proper, and no error can be predicated thereon, unless such discretion has been abused."

Section 4993, Rev. Laws 1910, reads as follows:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

Our statute was taken bodily from the statutes of Kansas, viz., Gen. Stat., p. 680, sec. 266.

In the case of *H. H. McCardell et al. v. H. W. McNay,* 17 Kan. 633, plaintiff sought to set aside a deed to certain property and have the same subjected to his judgment. In the trial of the case the defendants demanded a jury, which was refused, and on appeal the Supreme Court of Kansas, passing upon the right of the litigants to a trial by jury under the statute above referred to, sustained the action of the trial court in the following language:

49—23

"The only question in the case in this court is: Did the court below err in refusing the defendants, plaintiffs here, a trial by jury? This question must be answered in the negative. This is not one of the actions in which a party is entitled to demand a jury as a matter of right. In civil actions a jury can be claimed as a matter of right only, for the trial of 'issues of fact arising in actions for the recovery of money, or of specific real or personal property.' Gen. Stat. 680, section 266. Now, this is not an action for the recovery of money. Neither is it an action for the recovery of real property. Nor is it an action for the recovery of personal property."

In the case of *Houston v. Commissioners of Cloud County*, 19 Kan. 396, the action was by Houston against the commissioners and treasurer of Cloud county to restrain the assignment and transfer of certain tax sale certificates, and to set aside the treasurer's sale for taxes upon which such certificates were based. At the trial the plaintiff, Houston, demanded a jury, which was refused, and upon appeal the action of the trial court was sustained. In this case the case of *McCardell v. McNay, supra,* was approved.

We have cited the several authorities above referred to in view of the earnest contention of counsel for plaintiffs in error that in the trial court plaintiffs in error were entitled to a trial by a jury as a matter of right, and consequently to judgment on the findings and verdict of the jury. We think the authorities above cited settle plaintiffs in error's first proposition against them.

It is further contended by plaintiffs in error that, the trial court having agreed to call and impanel a jury in the trial of the case on the condition that plaintiffs would abandon their motion for rehearing of their application for a writ of prohibition in the Supreme Court and

deposit sufficient money to pay the expenses of the jury, the court was bound to afford plaintiffs a trial by jury. It appears the court did all it agreed to do. It did call a jury and submitted to them the facts of the case. The court did not obligate itself to be bound by the action of the jury, and, if it had so agreed, it would not thereby have estopped itself from exercising the right under the law to reject the verdict of the jury in so far as it did not comport with the court's conclusions after hearing all the evidence in the case.

Plaintiffs in error's second proposition involves the constitutionality of the superior court of Pottawatomie county. It is claimed that article 1, c. 20, sec. 1797, Rev. Laws 1910, under which the superior court of Pottawatomie county was organized, is unconstitutional. The section complained of is article 7, c. 14, Sess. Laws 1909, p. 181. The act referred to was construed, and the constitutionality thereof sustained, by this court in a well-considered opinion by Justice Hayes in the case of *Burks v. Walker,* 25 Okla. 353, 109 Pac. 544, and the conclusion therein reached has been since recognized as the settled law of the state, and in the late case of *Hatfield v. Garnett,* 45 Okla. 438, 146 Pac. 24, this court referred to *Burks v. Walker* with approval. The validity of the act, as established in *Burks v. Walker,* is again recognized by this court in the case of *Leathercock v. Lawter et al.,* decided in March, 1915, and found in 45 Okla. 715, 147 Pac. 234. No reason has been shown why the conclusion reached in *Burks v. Walker, supra,* should not be adhered to. We think further consideration of this proposition at this time a consumption of time which the congested condition of the docket of this court will not justify.

Plaintiffs in error's third proposition is as follows:

"If the court was a legally existing court, it had no jurisdiction to make findings and render judgment subsequent to the term the case was tried without the court having been adjourned to that time."

We have already disposed of the question of the legality of the court. And on examination of plaintiffs in error's assignments of error we fail to find any reference to the judgment of the court having been rendered at a term of court subsequent to the trial of the case, and the only evidence of such fact to which our attention is called is the statement in plaintiffs in error's brief, signed by the clerk of said court; hence we decline to consider this objection.

Plaintiffs in error's fourth proposition is:

"The court erred in not submitting to the jury the issue of undue influence and requiring the jury to find generally."

The case being one in which the parties were not entitled to a trial by jury as a matter of right, and the court not being bound by the findings of the jury, there was no error in failing to instruct upon the issue of undue influence or in failing to require the jury to find a general verdict; the court having refused to adopt the verdict which the jury did return.

In the case of *Oklahoma Trust Company v. Stein,* 39 Okla. 756, 136 Pac. 746, it is held:

"In cases of equitable cognizance the judge may call in a jury or consent to one for the purpose of advising him on questions of fact, and he may adopt or reject their conclusions as he sees fit, inasmuch as the whole matter must be left to him to determine eventually, and it is not error for him to refuse to submit all the questions

of fact to the jury, but he may submit such as are controverted or such as he may desire to be advised upon."

To the same effect is the case of *Galer v. Berrian et al.*, 43 Okla. 303, 140 Pac. 155. See, also, *Kentucky Bank & Trust Co. v. Pritchett*, 44 Okla. 87, 143 Pac. 388; *Oklahoma Trust Co. v. Stein*, 39 Okla. 756, 136 Pac. 746.

Plaintiffs in error's fifth proposition is as follows:

"If the verdict of the jury was special, as contended in defendant in error's brief, a motion for judgment will not lie; and this because a motion for judgment applies only when the evidence is not disputed, and when judgment may be rendered on the pleadings notwithstanding the verdict, and never applies when a special verdict is relied upon."

The court did not adopt the verdict, and, the findings of the jury being merely advisory, the question of whether it was special or general was of no concern, and it was immaterial upon what instructions it was reached, or whether it was upon controverted or uncontroverted evidence. The record shows the trial court based its judgment upon its own conclusion of what the facts were, as it had a right to do.

In the case of *Barnes v. Lynch, supra,* we find quoted with approval the following cases:

*Koons v. Blanton*, 129 Ind. 383, 27 N. E. 334, from the Supreme Court of Indiana as follows:

"Since, in a suit in equity to reform a deed, the parties are not entitled to a jury, and since the court, when it calls a jury to its aid in such case, may disregard their findings, the parties cannot complain of the manner in which the questions are submitted, nor to the form of the interrogatories or instructions."

Also *Missouri Valley Lumber Co. v. Reid*, 4 Kan. App. 4, 45 Pac. 722, in a case of foreclosure, as follows:

"The finding of the jury was in any event merely advisory, and not binding upon the court. In the face of it, the court had a right to decide for itself all questions of fact as well as of law in the case"—citing *Franks v. Jones,* 39 Kan. 236, 17 Pac. 663; *Moors v. Standford,* 2 Kan. App. 243, 41 Pac. 1064.

Plaintiffs in error's sixth proposition is:

"The evidence of Hamilton and Spencer was incompetent, and motion to exclude the same should have been sustained."

The witness Hamilton was named as executor of the will, and, as such, applied for its probation, and was one of the proponents in the case, insisting upon the validity of the will and its right to probate. Sherman Spencer was the legatee named in the will, and was an adverse party. The contestants were the next of kin and relatives whose rights to Bailey's property depended upon breaking the will. Hamilton and Spencer were called in behalf of proponents, and testified as witnesses in support of the will and its admission to probate. The statute which it is contended by plaintiffs in error rendered the witnesses Hamilton and Spencer incompetent to testify is section 5841, Comp. Laws 1909, which, so far as applicable, reads as follows:

"No party shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where they have acquired title to the cause of action immediately from such  *  *  *  person."

It will be observed the statute quoted does not disqualify the administrator or the legatee in a will as a witness in any case. In this case the witnesses Hamilton

and Spencer were competent witnesses to prove any
material fact in the case of which they had knowledge,
unless such fact was in respect to some transaction or
communication had personally by such witnesses with the
deceased.   Dr. Hamilton was introduced by proponent,
and, without objection, testified at length as to the de-
ceased's condition of mind and body up to the time of his
death, and that he was deceased's physician several years
before his death.   Some of the answers of the witness
were inadmissible, and should have been excluded from
the jury, but substantially the same statements which the
witness Hamilton says were made by Bailey were also
testified to by the witnesses Frank Boggs and Mary Skil-
lington, without objection or contradiction.   A lengthy
cross-examination by counsel for contestants of the wit-
ness Hamilton appears to have covered every matter
about which this witness testified in chief, and much
more.   Hamilton was afterwards recalled by contestants
and interrogated as to the property and estate in his
hands.   Much of what has been said relative to the
testimony of the witness Hamilton can be said as to the
testimony of the witness Sherman Spencer.   He was
interrogated and testified without objection as to the
relations and feelings of the deceased to the witness and
witness' mother, and as to a meeting by the witness and
deceased in Shawnee, and friendly conversations between
them at that place.   This witness was also subjected to a
rigid cross examination by contestants' counsel, by which
he was interrogated generally as to his relations with the
deceased and his conversations with him.   Some of his
answers, like the witness Hamilton's, were inadmissible.
But, if we concede the testimony of the witnesses Hamil-
ton and Spencer was erroneously admitted and influenced

the jury in their findings and verdict in the case, still we must not overlook the fact that the court did not adopt the findings of the jury. There was other evidence sufficient to authorize and support the court's judgment, which it had the right to enter, notwithstanding the findings of the jury. The fact that incompetent evidence was admitted will not justify a reversal of the judgment in the absence of a showing that plaintiffs in error were prejudiced thereby. What we have said with reference to the testimony of the witnesses Hamilton and Spencer applies to the testimony of the witnesses Northrupt, Frazier, Ong, Crump, and others, which plaintiffs in error claim was erroneously admitted before the jury.

In the case of *Tobin v. O'Brieter*, 16 Okla. 500, 85 Pac. 1121. it is held, quoting from paragraph 3 of the syllabus:

"In the trial of a case the question of admitting or rejecting testimony is one intrusted largely to the sound discretion of the trial court; and, where the matter submitted by the issues in the case is not one where the parties are entitled to a jury as a matter of right, and the ultimate decision of the case is with the court, and not with the jury, great latitude is allowed in the exercise of discretion by the court in admitting or rejecting testimony, and the case will not be reversed in this court for error in this particular, unless such an abuse of discretion is shown as deprives the objecting party of some substantial right."

In *Ray v. Harrison*, 32 Okla. 17, 121 Pac. 633, Ann. Cas. 1914A, 413, it is held, quoting from paragraph 3 of the syllabus:

"When the testimony upon a given point is all harmonious, a cause will not be reversed because some of the evidence thus offered may have been inadmissible."

In the case of *Daniel v. John P. London Co.*, 44 Okla. 297, 144 Pac. 596, it is held, quoting from paragraph 1 of the syllabus:

"The improper admission or exclusion of evidence, if not prejudicial to the party complaining, is not ground for reversal."

As said in *Cartwright v. Holcomb, supra,* the presumption is, in the absence from the record of anything to the contrary, that the court understood the weight to be given to the evidence before it.

Plaintiffs in error's seventh proposition:

"The court's view of the law as expressed in the opinion and by its instructions to the jury was erroneous."

This proposition is answered in our consideraton of propositions Nos. 4, 5, and 6.

Eighth proposition:

"The superior court has no jurisdiction of this case on the record."

Under this proposition it is contended by counsel for contestants that this case was never properly transferred from the district to the superior court. The record shows this case was transferred by the district court to the superior court on the motion of the plaintiffs in error, and that thereafter they requested a trial by jury therein, and, without objection, engaged in the trial in said court, and, if there was any irregularity in the transfer of the case, it has been waived by plaintiffs in error.

In *State ex rel. Strong v. Superior Court of Pottawatomie County*, 38 Okla. at p. 368, 132 Pac. 1077, Hayes, C. J., speaking for the court in regard to the transfer of this identical case, says:

"Irregularities in the transfer may be waived by the parties, and, if waived by them, any judgment rendered by the superior court would be regular."

It is also contended by plaintiffs in error under this proposition that the superior court of Pottawatomie county had no jurisdiction to try questions in the contest or probate of a will. Both contentions of plaintiffs in error under this proposition were decided against them by this court in the case of *State ex rel. Strong et al. v. Superior Court of Pottawatomie County,* 38 Okla. 366, 132 Pac. 1077, which was a branch of this case, but, in view of plaintiffs in error's contention that the conclusion reached in that case was erroneous, we have carefully examined the opinion and believe the law as announced therein is correct. This renders further consideration of this proposition unnecessary.

One assignment of error is:

"That the court erred in sustaining motion for judgment."

After the case had been submitted to the jury, and after they had returned into court their findings of fact therein, the contestants filed motion for judgment in accordance with the findings of the jury, while the defendants filed a motion for judgment in their favor independent of the findings of the jury, and thereafter the trial judge proceeded to state his conclusions of fact and of law upon the entire case, independent of the findings of the jury, except the finding that the will was executed in all respects as required by law, which was adopted, and the further findings of the jury were ignored by the court, and it was found that Bailey, at the time of making the will, was of sound and disposing mind; and was not influenced by any insane delusion, and that the will should

be admitted to probate, and it was so ordered. As we have heretofore held, the court had the right to adopt or reject the findings of the jury and render such judgment as, in his opinion, should be rendered on the whole case; and the fact that he did so after the filing of a motion so requesting is wholly immaterial.

It is also contended by plaintiffs in error that, the defendants below having filed a motion for a new trial, after filing their motion for judgment independent of the verdict of the jury, it was error for the court to proceed to render judgment without passing on such motion for a new trial; both of said motions being then pending before the court. We think this contention is without merit.

Plaintiffs in error contend that the trial court also committed error in excluding from the jury certain facts recited in the judgment from the Supreme Court of Wisconsin evidencing the conviction of the witness Sherman Spencer of the offense of wife abandonment. A recital of the facts of such judgment was offered by plaintiffs in error, as they claim to contradict the testimony of the witness Spencer upon the trial in the superior court. The superior court admitted evidence of the conviction of Spencer and the offense for which he was convicted, and directed the jury to consider the fact of his imprisonment only for the purpose of determining the credibility they would give to his testimony, and excluded certain facts which seem to have been recited in the judgment. We think this was correct.

An examination of the voluminous record in this case satisfies us there was sufficient competent evidence before the trial court to support the judgment admitting

the will of Samuel Bailey, and the judgment is therefore affirmed.

All the Justices concur.