**PRICE et al. v. PEEPLES.**

No. 7462—Opinion Filed Jan. 30, 1917.

Rehearing Denied Oct. 30, 1917.

(168 Pac. 191.)

1. **Courts—Transfer of Cause—Irregularities—Waiver.**

Irregularities in the transfer of a case from the district court to the superior court may be waived by the parties, and when waived by them any judgment rendered by the superior court within its jurisdiction will be valid.

2. **Principal and Agent—Agent's Unauthorized Act—Repudiation.**

A principal, upon learning of the unauthorized act of his agent, if he does not intend to be bound thereby, must within a reasonable time repudiate it.

3. **Same—Agent's Unauthorized Act—Ratification.**

The ratification of an unauthorized act of an agent may be presumed from long-continued silence of principal who has knowledge of all the facts concerning the unauthorized act of the agent.

4. **Same—Consent to Judgment.**

Where a defendant had her brother, P., a codefendant, act for her in the conduct of the case in which they were defendants, but the acts of P. concerning the litigation were subject to the approval or disapproval of S., and where P., without the consent of S., directed the attorneys to accept a compromise and consent to the entry of a judgment for a less sum than that sued for against S. and P., held, that the act of P. directing the attorneys to consent to the rendition of such judgment, even though unauthorized, could be ratified by S.

5. **Same—Ratification—Evidence—Silence.**

Where S. had the full knowledge of the act of P. in authorizing the entry of judgment against her on the succeeding day, but made no protest to her attorneys, or any one else, except to her brother P., and remained silent for more than seven months and until the judgment was about to be enforced by sale of real estate, held, that the silence of S. was evidence of her ratification of the unauthorized act of P. to be considered by the trial court and given such weight as said court might attach thereto.

6. **Appeal and Error—Question of Fact—Review.**

Where there is any evidence reasonably tending to support the judgment of the trial court, it will not be disturbed upon appeal.

(Syllabus by Rummons, C.)

Error from Superior Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by G. W. Peeples against Seymour S. Price and M. D. P. Scarborough. Judgment for plaintiff for foreclosure of mortgage, motion to vacate the judgment overruled, and objection to confirmation of sheriff's sale overruled, and sale confirmed, and defendants bring error. Judgment affirmed.

W. P. Harper, for plaintiffs in error.

Ames, Chambers, Lowe & Richardson, for defendant in error.

Opinion by RUMMONS, C. This proceeding in error is brought by the plaintiffs in error, defendants below, to reverse the action of the superior court of Oklahoma county in overruling the motion of defendants to vacate the judgment in this action theretofore rendered in such superior court, and an order overruling the objection of defendants to the confirmation of sheriff's sale and confirming such sale. The action was originally commenced in the district court of Oklahoma county by the plaintiff, defendant in error here, against the defendants, to foreclose a mortgage upon real estate in Oklahoma county. Upon motion of the defendants the case was transferred to the superior court of Oklahoma county. Upon the day on which the case was set down for trial defendants moved in the superior court to have the case remanded to the district court, which motion was overruled, and thereupon the court rendered judgment by agreement between counsel for plaintiff and defendants for the sum of $6,000, and decreed a foreclosure of the mortgage. The action was originally brought to recover upon a promissory note and accrued interest amounting to $12,321. The decree of foreclosure recited that the real estate was the property of the defendants. Something over four months after the entry of this decree it was corrected by an agreement between counsel for plaintiff and defendants so as to show that the defendant M. D. P. Scarborough was the sole owner of said real estate. After the expiration of six months, an order of sale was issued to enforce the decree of foreclosure. Thereafter the defendants filed their separate motions to vacate the judgment in this cause for irregularity in obtaining such judgment, and also filed motion to suspend proceedings therein and recall the order of sale issued therein, pending determination of the defendants' motions to vacate said judgment. The last motion was by the court overruled, to which defendants excepted and the sheriff proceeded under the order of sale to sell said real estate. Upon a hearing of

the motion to vacate such judgment and of the objections to the confirmation of sale, the court overruled the motion to vacate the judgment, and confirmed the sale.

Defendants rely upon two grounds to vacate the judgment: First. That the superior court was without jurisdiction. Second. That the counsel for defendants were never authorized by the defendant M. D. P. Scarborough to enter into compromise and consent to the entry of judgment, and that being without authority to consent to the rendition of judgment, the judgment is irregularly rendered, and ought to be set aside upon motion.

The evidence taken on the hearing of the motion to vacate discloses that the defendants were brother and sister; that the law firm of Embry & Hastings was first employed by the defendant Seymour S. Price to represent him and sister in this litigation; that said firm, after successfully moving to have the cause transferred from the district court to the superior court, refused to move in the superior court to have the cause remanded to the district court; that thereupon Price procured the services of Bennett & Pope to act for defendants in this cause; that all the transactions with the various attorneys who professed to represent the defendants in this action were conducted by the defendant Price. The attorney who appeared for defendants at the time judgment was rendered testified that when he submitted the question of consenting to a compromise judgment in the sum of $6,000 to Price, he told Price that he had never consulted his sister, Mrs. Scarborough, about such compromise, and wanted to know what she would do about it; that Price told him it was unnecessary to consult her, using the expression, "Whatever I say goes," and thereupon judgment was entered by agreement. Mrs. Scarborough testified that she never consented to the compromise, and that while her brother acted for her in the litigation she was always to be consulted before any steps were taken. She further testified that her brother informed her on the day following the rendition of judgment of what had been done, and that judgment had been entered. Defendants contend that because the statute creating a superior court provided that causes might be transferred from the district court to the superior court on motion of the plaintiff, and this cause was transferred on motion of defendants, that the action of the district court in so transferring this cause was null and void, without authority, and that the superior court acquired no jurisdiction of the action. The

record discloses that after the cause was transferred to the superior court the plaintiff filed a supplemental petition in said superior court, and the defendants filed their answer thereto. There is no question but that the superior court had jurisdiction of the subject-matter of this action, and had power and authority to render the judgment which was rendered. The only other element of jurisdiction necessary to empower the court to act and render judgment was jurisdiction of the persons of the parties. The defendants having moved to transfer the cause to the superior court, and having filed pleadings in said court praying for relief to be granted them, submitted their persons to the jurisdiction of the court, and cannot now be heard to say that said court did not have jurisdiction of their persons. State ex rel. Strong v. Superior Court of Pottawatomie County, 38 Okla. 366, 132 Pac. 1077; Parker v. Hamilton, 49 Okla. 693, 154 Pac. 65. We therefore conclude that there is no merit in the first contention of the defendants.

The second contention of defendant Scarborough is that the attorneys appearing for her were without authority, and never authorized her to enter into a compromise and consent to the entry of judgment; that therefore the judgment was irregularly entered, and should have been set aside upon her motion. The defendant Scarborough testified that she gave her brother authority to look after the case for her, subject to her approval or disapproval, and that she was informed by her brother of what had been done in the matter and of the entry of judgment, either the same day or the next day after the judgment was rendered.

Mr. Bennett, the attorney who acted for the defendants in consenting to the entry of judgment, testified that he asked Price whether the proposition would be satisfactory to his sister, for the reason that he had never seen her; that Price answered, "You need not worry about that; I represent her, and what I say in the matter goes." Thereupon judgment was entered in accordance with the proposed stipulation against the defendants.

From the evidence of the defendant Scarborough, it appears that Price acted as her agent in this litigation, although his powers, according to her testimony, were limited. From her testimony it appears that Price acted without her consent in authorizing the attorneys for the defendants to consent to the entry of judgment. However, she was informed of the action taken by him and the

attorneys on the following day, and while she testified that she protested to her brother, it does not appear that she ever complained to her attorneys or made any objection to the action taken until the filing of the motion to set aside the judgment more than seven months after the entry of judgment and after order of sale had been issued thereon. It further appears that the judgment was modified some four months after its rendition by stipulation, so as to make it appear that she was the sole owner of the real estate in controversy, and that this action was taken by her attorneys at the direction of her brother, and that she had knowledge that such modification had been made. If Price had full authority to act for Mrs. Scarborough in this litigation, he would have had power to authorize and direct her attorneys to enter into this compromise and consent to the entry of judgment which was rendered and the judgment so rendered would not have been irregular. The question then hinges upon whether or not Price had full authority to act for his sister in the matter, and to authorize the compromise made, and, if not, whether or not, after full knowledge of the action taken, his acts were ratified by Mrs. Scarborough.

It is a settled principle of law that the principal upon learning of the unauthorized act of his agent, if he does not intend to be bound thereby, must within a reasonable time repudiate it. In Lee's Adm'rs v. Fontaine et al., 10 Ala. 755, 44 Am. Dec. 505, it is said:

"It is stated to be a well-established rule that where a man stands by, knowingly, and suffers another person to do acts in his name, without any opposition or objection, he is presumed to give authority to do those acts. * * * Long acquiescence without objection, and even silence of the principal, will in many cases amount to a conclusive presumption of the ratification of an unauthorized act."

In Bement & Sons v. Armstrong et al. (Tenn. Ch.) 39 S. W. 899, the syllabus is as follows:

"Ratification of a manufacturer of a contract to purchase, entered into by its agent, who was authorized merely to sell, to enable the agent to sell the manufacturer's goods, is shown by a delay for a month on the part of the manufacturer, after notice of the sale, to notify the seller of its disaffirmance thereof—several letters on other subjects having passed between the parties in the meantime—though the manufacturer did immediately notify the agent of its dissatisfaction."

In Central Trust Co. v. Ashville Land Co., 72 Fed. 361, 18 C. C. A. 590, the first paragraph of the syllabus is as follows:

"If an English corporation, controlled by a board of directors in England, objects to an agreement made by its general manager in this country to submit to arbitration a claim against the company for a trespass in cutting timber from the lands of another, it is its duty, within a reasonable time of receiving notice of the agreement, to notify the other party of its disapproval; and in the absence thereof a ratification may be presumed. The assertion of counterclaims by it is not a disaffirmance, but rather justifies a presumption of an affirmance."

"Where the question of ratification is involved the relation of the alleged principal and agent is important, as the presumption arising from acquiescence in the unauthorized act of an agent, who exceeded his authority is much stronger than if the act had been that of a mere stranger." Lynch v. Smyth, 25 Colo. 103, 54 Pac. 634; Myer-Weiss & Co. v. Morgan, 51 Miss. 21, 24 Am. Rep. 617; Baggott v. Sawyer, 25 S. C. 405; Johnson v. Jones, 4 Barb. (N. Y.) 309; Pitts v. Shubert, 11 La. 286; 30 Am. Dec. 718.

In the case of Minneapolis Machine Co. v. Humphrey, 27 Okla. 694, 117 Pac. 203, this court has said:

"Ratification of an unauthorized act of an agent may be presumed from long-continued silence of a principal who has knowledge of the facts constituting such ratification."

In this opinion Mr. Justice Kane quotes with approval Hatch v. Taylor, 10 N. H. 538, where it was held that evidence of conduct may be admitted and be sufficient to establish ratification notwithstanding the principal expressly declared that he did not sanction the contract.

"It has been variously stated that the principal should repudiate the act promptly, immediately, at once, or as soon as informed and notified of the act; but the rule usually applied is that of a reasonable time. What is a reasonable time being dependent upon the circumstances of the particular case," 31 Cyc. 1275.

Even though the silence of the principal, after knowledge of the unauthorized act of the agent and failure to repudiate it, may not amount to a conclusive presumption of ratification, it is always evidence thereof. In the instant case the defendant Scarborough with full knowledge of all the facts made no protest to her attorneys or any one else, except to her brother, and permitted the judgment to stand in full force and effect until it was about to be enforced. These facts were for the consideration of the trial court in determining as a matter of fact whether or not she had ratified the action taken by her brother in her behalf.

It is contended by counsel for defendants that because the limitation of time for the

vacating of a judgment irregularly entered is fixed by the statute at three years from the rendition of judgment, the defendant was not required to take any action prior to the expiration of the limitation unless she so desired. There is no question that the defendant might at any time within three years move to set aside the judgment as being irregularly obtained. The question before us, however, is whether or not defendants' motion should have been sustained. As we have said before, if her brother had full authority to act for her in the matter, or if she ratified his acts in excess of his authority in consenting to the rendition of this judgment, the judgment was not irregularly obtained. Her long-continued silence was pertinent evidence as to whether or not her brother had authority to act for her in the matter, and whether or not she ratified his action and was entitled to be considered in determining whether or not her attorneys were authorized to consent to the entry of judgment.

If there is any evidence reasonably tending to sustain the judgment of the trial court in an action not in equity, this court will not review the evidence, and the judgment will not be disturbed upon appeal. Upon authority of the cases above cited, we conclude that there was evidence in the conduct of the defendant Scarborough from which the court might reasonably have inferred that she fully ratified the acts of her agent, Price.

The judgment of the court below should therefore be affirmed.

By the Court: It is so ordered.